**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MCS INDUSTRIES, INC.** | : | |
| 2280 Newlins Mill Road | : | **CIVIL ACTION** |
| Easton, Pennsylvania 18045 | : | |
| | : | Case No.  5:21-cv-02563 |
| *Plaintiff* | : | |
| | : | **JURY TRIAL DEMANDED** |
| v. | : | |
| | : | |
| **MICHAELS STORES, INC.** | : | |
| 8000 Bent Branch Drive | : | |
| Irving, TX 75063 | : | |
| | : | |
| and | : | |
| | : | |
| **THE MICHAELS COMPANIES, INC.** | : | |
| 251 Little Falls Drive | : | |
| Wilmington, DE 19808 | : | |
| | : | |
| and | : | |
| | : | |
| **MICHAELS STORES PROCUREMENT COMPANY, INC.** | : | |
| 251 Little Falls Drive | : | |
| Wilmington, DE 19808 | : | |
| | : | |
| and | : | |
| | : | |
| **HARBORTOWN INDUSTRIES, INC.** | : | |
| 28477 N Ballard Dr. | : | |
| Lake Forest, IL 60045 | : | |
| | : | |
| *Defendants* | : | |
| | : | |

## PLAINTIFF MCS INDUSTRIES, INC'S SECOND AMENDED COMPLAINT

Plaintiff MCS Industries, Inc. ("MCS"), by and through its undersigned counsel, hereby

files the Second Amended Complaint against Defendants Michaels Stores, Inc., The Michaels

Companies, Inc., Michaels Stores Procurement Company, Inc., and Harbortown Industries, Inc.

and in support thereof avers as follows:

## I.  **NATURE OF THE ACTION.**

1.      Defendants, The Michaels Companies, Inc., Michaels Stores, Inc., and Michaels Stores Procurement Company, Inc., all share overlapping roles in the governance and operation of Michaels retails stores, and therefore each allegation set forth below applies to all three Michaels Defendants, who are herein referred to collectively as "Michaels."

2.      This action arises out of Plaintiff's discovery of Michaels' unlawful misappropriation of Plaintiff's federally protected intellectual property.

3.      As set forth more fully below, Plaintiff MCS owns exclusive rights in the trademark FORMAT for picture frames.

4.      Moreover, MCS owns two federally registered copyrights for the design, art, language, and layout of the instructions for how to best utilize its FORMAT brand picture frames.

5.      For years, Michaels has sold MCS's FORMAT brand picture frames in its stores, and has reaped substantial rewards and profits from those sales, due to the popularity of the FORMAT picture frames.

6.      Moreover, Michaels knew and understood that the FORMAT brand picture frames were the federally protected intellectual property of MCS.

7.      Despite this, Michaels became greedy, and has endeavored to infringe the FORMAT copyrights and trademarks by selling an *identical* line of picture frames under its in-house "Structure" brand.

8.      However, Michaels was not alone in their greed and misconduct.

9.      Upon information and belief, Michaels began replacing products manufactured by MCS with substantially similar products manufactured by MCS' competitor, Harbortown Industries, Inc. ("Harbortown").

10.     Together, Michaels and Harbortown designed, manufactured, distributed, and sold the Structure brand picture frames that infringe on MCS's trademarks and copyrights.

11.     For example, while the front cover design, which is identical to the Format design, lists the frame as a "Structure" brand frame, through the transparent clear wrapping consumers can see the instructions on the back of the product – which are copyrighted – and refer solely to the FORMAT brand frame, and specifically use the FORMAT trademark in doing so.

12.     Indeed, a review of the instructions demonstrates:  1) they have been copied verbatim from the MCS instructions created for the FORMAT frames; and 2) that said copying includes copying the header "***Format Frame Instructions.***"

13.     In designing, manufacturing, distributing, and selling the frames, Michaels and Harbortown could not even be bothered to use the "Structure" brand name when copying the intellectual property of MCS.

14.     Even more stunning, when customers purchase the "Structure" frames at Michaels retail stores nationally, the sales receipt listed the purchase as for a ***FORMAT brand frame.***

15.     As set forth more fully herein, the actions by Michaels and Harbortown in counterfeiting Plaintiff's intellectual property was intentional and willful.

16.     As a result of these egregious infringements of MCS's protected intellectual property, Plaintiff MCS brings this instant action for both damages and injunctive relief.

## II.     <u>PARTIES</u>

14.     Plaintiff, MCS Industries, Inc., is a corporation existing under the laws of the Commonwealth of Pennsylvania, with its principal place of business located at 2280 Newlins Mill Road, Easton, Pennsylvania 18045.

15.     Defendant, Michaels Stores, Inc., is a corporation that owns and operates retail stores, conducts sales activities and otherwise does business in this judicial district.  Upon information and belief, Defendant Michaels is a corporation established and existing under the laws of Delaware. Upon information and belief, Michaels' corporate headquarters is located at 8000 Bent Branch Drive, Irving, Texas 75063.

16.     Defendant, The Michaels Companies, Inc., is a corporation that owns and operates retail stores, conducts sales activities and otherwise does business in this judicial district.  Upon information and belief, Defendant is a corporation established and existing under the laws of Delaware.

17.     Defendant Michaels Stores Procurement Company, Inc. is a corporation and a wholly owned subsidiary of the Michaels Companies, Inc., that enters into procurement contracts for inventory for Michaels stores across the country, including in this jurisdiction, for the benefit of itself, Michaels Stores, Inc. and the Michaels Companies, Inc.

18.     Defendants Michaels Stores, Inc. and Michaels Stores Procurement Company, Inc. are each subsidiaries of Defendant Michaels Companies, Inc.

19.     Upon information and belief, Defendants Michaels Companies, Inc., Michaels Stores, Inc., and Michaels Stores Procurement Company, Inc., all share overlapping and inextricably intertwined roles in the governance and operation of all Michaels retails stores, including in the sourcing and selling of product – and therefore  each and every allegation set forth below applies to all three Michaels Defendants, who are herein referred to collectively as "Michaels."

20. Defendant Harbortown Industries, Inc., is a corporation existing under the laws of the state of Illinois, with its principal place of business located at 28477 N Ballard Dr. Lake Forest, IL 60045.

21. Harbortown Industries, Inc. is a manufacturer that was directly involved in the design, manufacture, and distribution of retail picture frames that are the subject of this lawsuit.

### III. JURISDICTION AND VENUE

22. This action arises under the Trademark and Copyright Laws of the United States, specifically Title 15 and Title 17 of the United States Code.

23. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) as this is a civil action relating to trademarks and copyrights.

24. Venue is proper in this judicial district under 28 U.S.C. § 1400(b) because:

a. Michaels has a regular and established place of business in this judicial district; and

b. Michaels has committed multiple acts of infringement in this judicial district by procuring, selling, and offering for sale Infringing Product (as defined herein), as evidenced by Exhibit A. (*See* by way of example a true and correct copy of a receipt evidencing a purchase of Infringing Product from the Michaels store located at 4447 Southmont Way, Easton, PA 18045 attached hereto as **Exhibit "A."**);

c. Defendant Harbortown has purposely directed the Infringing Products into this judicial district.

25. This Court has personal jurisdiction over Michaels because it has transacted business and otherwise conducted sales activities in this district, has a regular and established place

of business in this district, and upon information and belief, has committed, contributed to, and induced acts of trademark and copyright infringement in this district.

26.     This Court has personal jurisdiction over Harbortown because it has transacted business and otherwise conducted sales activities in this district, has purposely directed the infringing goods and products into this district, and upon information and belief, has committed, contributed to, and induced acts of trademark and copyright infringement in this district.

## IV.     FACTS COMMON TO ALL COUNTS

27.     Since at least as early as 1992, MCS has continuously used its FORMAT trademark on or in connection with picture frames of varying sizes, which are sold at various retailers throughout the United States.

28.     MCS is the owner and licensor of all intellectual property used on or in connection with the FORMAT goods offered and sold at the various retailers throughout the United States.

29.     MCS owns federal U.S. Trademark Registration No. 2814896, registered in the United States Patent and Trademark Office ("USPTO"), for the mark FORMAT for "picture frames." This federal registration is valid, subsisting and incontestable.  (A copy of the registration for MCS' FORMAT trademark is attached hereto as **Exhibit "B."**)

30.     As evidenced by the USPTO's issuance of Registration No. 2814896 on the Principal Register, MCS's FORMAT mark is inherently distinctive.

31.     MCS has granted to a number of legal entities non-exclusive licenses that allow each of these entities to use the FORMAT mark on or in connection with the goods to which the licenses pertain.  All good will generated by this licensed use of the FORMAT mark inures to the benefit of MCS.

32.     In addition, MCS has registered its copyrights in two distinct set of instructions (the "Instructions"), including the art, design and verbiage of such instructions, for its FORMAT frames.

33.     On April 21, 2021, Plaintiff registered a copyright on the Easel Twist Format Instruction. (*See* Copyright Registration for Easel Twist attached hereto as **Exhibit "C."**)

34.     On April 21, 2021, Plaintiff registered a copyright on the Ramp Easel Format Instruction. (*See* Copyright Registration for Ramp Easel attached hereto as **Exhibit "D."**)

35.     The FORMAT photo frames (hereinafter, "FORMAT Frames") are sold at retail stores throughout the United States, including Michaels, Target, CVS, and Walmart.

36.     MCS manufactures and distributes the FORMAT Frames under a common brand, made recognizable by the FORMAT mark, as well as the design and packaging of the product.

37.     Each FORMAT Frame is also packaged with the copyrighted Instructions to assist consumers with the use of the product.   (*See* a copy of the Format Frame Instructions, attached hereto as **Exhibit "E."**)

38.     FORMAT Frames are the top selling picture frame in the industry and represent nearly 45 percent of all frames produced by MCS, and account for 3-5% of MCS' total sales annually.

39.     In 2020 alone, MCS sold 11.2 million FORMAT Frames to various retailers across North America.

40.     Over the years, consumers have come to trust the FORMAT brand and product, using the FORMAT™ and FORMAT® as distinct and trusted identifiers of the FORMAT brand.

41.     As a result of the above, Plaintiff has acquired substantial valuable good will symbolized by the FORMAT trademark.

42.     Use of the FORMAT trademark for picture frames sold at major retailers throughout the United States is exclusive and unique to Plaintiff and its licensees.

43.     MCS considers its FORMAT Frame to be a signature product and has invested substantial resources in developing these picture frames and protecting the same.

## Michaels Engaged In Prior Trademark Infringement

44.     Michaels' business includes selling, offering for sale, and/or importing into Pennsylvania a variety of consumer products, specifically including within this judicial district, and elsewhere within the United States.

45.     According to Michaels' website, it has over 1,250 retail stores in 49 states and Canada, as well as various digital platforms including Michaels.com, consumercrafts.com and aaronbrothers.com. (*See* a printout of an online webpage from Michael's website setting forth general corporate information for Michaels, attached hereto as **Exhibit "F."**)

46.     MCS is in the business of designing, developing, licensing, manufacturing, and selling frames and other household products, including a line of frames branded as TRENDSETTER frames.

47.     MCS is the owner of federal U.S. Trademark Registration No. 3718446 registered in the United States Patent and Trademark Office ("USPTO") for the mark TRENDSETTER for "picture frames." This federal registration is valid, subsisting and incontestable.  (A copy of MCS' TRENDSETTER trademark registration is attached hereto as **Exhibit "G."**)

48.     The TRENDSETTER frames were sold in various retailers throughout the United States, all bearing the TRENDSETTER mark.

49.     MCS has had a longstanding business relationship with Michaels.

50.     In 2015, MCS learned that Michaels was infringing the TRENDSETTER trademark by using it on products not produced by MCS.

51.     MCS was stunned by this infringement of its trademark and by Michaels' heavy handed business tactics.

52.     However, in an effort to maintain stable business relations, MCS responded by permitting a one-time use of its TRENDSETTER mark on the remaining inventory held by Michaels in exchange for a two-year agreement on certain product lines, and Michaels' agreement to make no further use of MCS' TRENDSETTER trademark.

53.     MCS also communicated very clearly to Michaels that any use of MCS's trademarks on non-MCS products is prohibited.

54.     Accordingly, while MCS acceded to Michaels' use of the TRENDSETTER trademark, it also placed Michaels on notice of the potential liability for infringing on MCS's intellectual property in the future.

### Michaels Proceeds to Violate MCS's Intellectual Property in its FORMAT Trademark and Copyrighted Instructions

55.     In or about April of 2021, Plaintiff's agent discovered that Michaels was selling picture frames under the brand name "Structure" (hereinafter the "Infringing Product") in its retail stores.

56.     The Infringing Product has nearly identical packaging and appearance as FORMAT Frames and are only distinguishable by the brand name placed on the front of the product's package. (*See* photographs of the Infringing Product next to FORMAT Frames demonstrating the visual similarities between brands, attached hereto as **Exhibit "H."**)

57.     Plaintiff's agent purchased several Infringing Products. After purchase, the Infringing Product appeared on the Michaels' sales receipt listed as "FORMAT" products. (*See* photos of several receipts issued to Plaintiff's agent after purchasing the Infringing Product, attached hereto as **Exhibit "I."**).

58.     Furthermore, the Infringing Product package includes exact copies of the FORMAT Frame Instructions, including use of the FORMAT trademark. (*See* photos showing the Format Frame Instructions that were included in the "Structure" brand frames, attached hereto as **Exhibit "J."**).

59.     The Infringing Product, though similar in appearance to FORMAT Frames, is made of distinctly inferior quality.

60.     The results of Michaels' trademark infringement and use of the FORMAT Frame Instructions in association with the Infringing Product creates confusion for consumers, who are left to believe that "Structure" products are associated with the FORMAT brand.

61.     Upon information and belief, the Infringing Product is available in most, if not all, of Michaels locations and offered for sale on Michaels' website.

62.     Notably, despite being on notice of the claims set forth herein, Michaels ***continues*** to sell the Infringing Product at its retail locations and on its website.

63.     Indeed, Michaels has admitted it continued to sell Structure brand frames in its stores following initial service of Plaintiff's original Complaint that gives rise to this action.

64.     Upon information and belief, Michaels knowingly, willfully, recklessly, and/or deliberately infringed and/or contributed to the infringement of MCS's federally registered FORMAT trademark and Format Frame Instruction copyrights, and continues to do so.

65. In addition to Plaintiff's trademark registration, Plaintiff has also copyrighted the instructions that are included with its FORMAT frames (the "Instructions").

66. There are two sets of Instructions regarding the FORMAT frames: 1) the Easel Twist Format Instructions; and 2) the Ramp Easel Format Instructions.

67. As set forth above, Plaintiff's intellectual property in the Instructions has been registered with the U.S. Copyright office and is therefore federally protected.

68. Prior to Michaels and Harbortown's attempt to circumvent Plaintiff's statutory and common law rights and protections by selling infringing and identical products under the "Structure" brand, Plaintiff provided the FORMAT Frames with the Instructions for sale at Michaels stores.

69. However, at no time has Plaintiff allowed Michaels to include Plaintiff's Instructions with the infringing "Structure" products.

70. Stunningly, Michaels is selling the "Structure" products using the ***exact same FORMAT Instructions.***

71. Indeed, the instructions included with Michaels' "Structure" products are word-for-word reproductions – ***including references to the brand "FORMAT" without any reference to "Structure."*** (*See* Comparison of Instructions attached hereto as **Exhibit "K."**)

72. Despite prior instruction to the contrary and the existing trademark and copyright laws, Michaels has been selling its "Structure" products that include reproductions of the infringing Instructions, thus obtaining a commercial and economic benefit from the infringement to the detriment of Plaintiff.

73.     It is therefore abundantly obvious that Michaels' use of an identical reproduction of the Instructions infringes Plaintiff's federally registered copyrights.

**Discovery of Harbortown's Involvement**

74.     Following Plaintiff's filing of the original complaint requesting preliminary injunction against Michaels, discovery was conducted that revealed Harbortown was manufacturing the Infringing Product.

75.     Furthermore, Michaels' corporate representative has averred under oath that Harbortown was directly involved in the decision to include the Format Instructions with Structure Frames.

76.     Harbortown has been willfully manufacturing and distributing "Structure" products that include reproductions of the infringing Instructions, thus obtaining a commercial and economic benefit from the infringement to the detriment of Plaintiff.

77.     Accordingly, Harbortown willfully and intentionally designed, manufactured, and distributed picture frames infringing MCS's trademarks and copyrights to retail stores throughout the United States.

78.     It is therefore abundantly obvious that Harbortown's use of an identical reproduction of the Instructions infringes Plaintiff's federally registered trademarks and copyrights.

**V.       DAMAGES AND REQUEST FOR PERMANENT INJUNCTION**

79.     Defendants' manufacturing, distributing, and sale of the Infringing Product constitutes infringement of MCS's federally registered FORMAT trademark and Format Frame Instruction copyrights, and has and will continue to damage Plaintiff.

80.     MCS seeks an award of damages to compensate it for Defendants' infringement.

81.     MCS further seeks to permanently enjoin all Defendants from infringing MCS's registered trademark and copyright rights as MCS is suffering irreparable harm, including but not limited to, harm caused to its reputation and to the value of its trademarks and copyrights.

82.     In 2020, following the introduction of Michaels' "Structure" brand frames, MCS incurred a 70% reduction in sales of FORMAT Frames to Michaels, resulting in over one million dollars in lost revenue as compared to the year prior.

83.     In 2021, MCS lost 100% of its business selling FORMAT Frames to Michaels, resulting in a loss of more than $1.5 million as compared to sales in 2019 prior to the introduction of "Structure" brand frames.

84.     The lost revenue is directly caused by Michaels and Harbortown effectively replacing the FORMAT brand with a cheaper knock-off "Structure" product that infringes MCS' intellectual property.

85.     Michaels and Harbortown's intentional and willful actions in infringing Plaintiff's trademark constitutes trademark counterfeiting.

86.     Plaintiff continues to experience immeasurable damage as consumers continue to associate the "Structure" products as goods associated with FORMAT Frames.

87.     Michaels and Harbortown's sales of the Infringing Product is damaging the market and MCS's ability to lawfully commercialize and grow the FORMAT brand.

88.     Accordingly, if Michaels and Harbortown are not permanently enjoined, MCS will suffer irreparable harm in the form of lost market share, permanent price erosion, goodwill, harms and losses for which there is no adequate remedy at law.

89.     Upon information and belief, Michaels and Harbortown created the Infringing Product, and introduced the Infringing Product into the retail market in a direct and intentional

13

attempt to usurp sales of lawful product being supplied by MCS and protected by a federally registered trademark and federally registered copyrights.

90.     Furthermore, Michaels and Harbortown's infringement of Plaintiff's federally protected intellectual property was willful.

91.     MCS seeks that this Court grant: (1) enhanced damages up to treble the amount found or assessed; (2) declare this case "exceptional" and award Plaintiff its reasonable attorneys' fees; and (3) grant MCS such other relief, including statutory damages, against all Defendants, as is just and proper.

<u>**COUNT I**</u>
**PLAINTIFF v. ALL DEFENDANTS**
**Trademark Infringement/Injunctive Relief**

92.     The averments of the foregoing paragraphs are incorporated by reference herein with the same force and effect as if set forth in full below.

93.     This cause of action arises under the trademark laws of the United States, 15, U.S.C. § 1114.

94.     Defendants Michaels and Harbortown's use of the Infringing Mark in connection with the manufacturing, distributing, and sales of the Infringing Product at retail stores constitutes infringement of MCS' federally registered trademark, Registration No. 2814896, in violation of § 32 of the Lanham Act, <u>15 U.S.C. § 1114</u>.

95.     As a result of the said trademark infringement, MCS has suffered and continues to suffer irreparable injury, for which it has no adequate remedy at law.

**WHEREFORE**, Plaintiff respectfully requests this Honorable Court to enter an Order:

(a)     restraining Defendants from manufacturing, distributing, promoting, selling, marketing, advertising, shipping, transporting (directly or indirectly) or otherwise moving

in domestic or foreign commerce, any and all products that infringe Plaintiff's trademark; and/or

(b)     ordering Defendants to forfeit (and/or recall and/or destroy) all infringing sales, or related products and inventory that contains infringing material;

(c)     ordering Defendants to recall any and all of its products or brochures that contain any use of a mark or word that infringes Plaintiff's trademark; and

(d)     providing such other relief as the Court deems just.

**COUNT II**
**PLAINTIFF v. ALL DEFENDANTS**
**Violation of the Lanham Act**
**(15 U.S.C. 1125(a))**

96.     The averments of the foregoing paragraphs are incorporated by reference herein with the same force and effect as if set forth in full below.

97.     Defendants Michaels and Harbortown's have made false and misleading representations and descriptions of facts, each of which has maligned and disparaged the quality, accuracy, and legitimacy of Plaintiff's products, information, and professional accreditations.

98.     Each of Defendants' statements identified above "misrepresents the nature, characteristics, [and] qualities" of Plaintiff's "goods, services or commercial activities." 15 U.S.C. § 1125(a)(1)(B).

99.     Defendants' false and misleading representations and practices have caused and are likely to continue causing consumer confusion, mistake, or deception as to the quality, accuracy, and legitimacy of Plaintiff's products, information, and professional accreditations.

100.     Defendants' false and misleading representations and practices have resulted in actual deception of consumers of MCS products and have a tendency to deceive a substantial portion of MCS' market audience.

101.    Defendants' false and misleading representations and practices are likely to influence consumers and dissuade members of the public from trusting or consuming Plaintiff's products.

102.    Defendants' false and misleading representations and practices, each of which involved and was made in connection with interstate commerce, have caused a likelihood of injury to Plaintiff in the form of declining sales, negative online reviews, irreparable damage to the FORMAT brand, and loss of good will related to MCS's federally protected intellectual property.

103.    Defendants' false and misleading representations and practices constitute trade commercial disparagement in violation of the Lanham Act, 15 U.S.C. 1125(a). [1]

104.    Plaintiff has no adequate remedy at law and is entitled to preliminary and permanent injunctive relief.

**WHEREFORE**, Plaintiff requests judgment against all Defendants for an amount in excess of Two Hundred and Fifty Thousand Dollars ($250,000), plus interest, costs, attorney's fees, and such other relief as the Court deems just.

**COUNT III**
**PLAINTIFF v. ALL DEFENDANTS**
**Violation of the Lanham Act – Trademark Counterfeiting**
**(15 U.S.C. §1117)**

94.    The averments of the foregoing paragraphs are incorporated by reference herein

---

[1] The Lanham Act's relevant section provides:

> Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which ... in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services or commercial activities, shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

15 U.S.C. § 1125(a)(1)(B).

with the same force and effect as if set forth in full below.

95.     As set forth herein, Defendants Michaels and Harbortown have engaged in a willful campaign to infringe on Plaintiff's trademarked intellectual property.

96.     Plaintiff maintains a federal trademark on its FORMAT-brand frames.

97.     Despite this, Defendants have usurped the FORMAT trademark and used it on their own identical frames.   (*See* Photograph of Frames attached hereto as Exhibit "L.")

98.     Such unlawful use of the FORMAT trademark was intentional.

99.     Indeed, all Defendants knew that Plaintiff held the FORMAT trademark, and intentionally chose to apply it to frames that were nearly identical in both sizes and packaging.

100.    Accordingly, the "Structure" frames manufactured, distributed, and sold by Defendants which bear the FORMAT trademark are counterfeit goods in violation of federal law.

101.    Moreover, Defendants *continue* to sell the counterfeit products, despite having notice of this very lawsuit.

102.    As a result, the use of the trademark is clearly intentional and knowing.

**WHEREFORE**, Plaintiff requests judgment against Defendants for an amount in excess of Two Hundred and Fifty Thousand Dollars ($250,000), plus treble damages, statutory damages, interest, costs, attorney's fees, and such other relief as the Court deems just.

**COUNT IV**
**PLAINTIFF v. ALL DEFENDANTS**
**Copyright Infringement / Injunctive Relief**
**(17 U.S.C. § 502, *et seq.*)**

103.    The averments of the foregoing paragraphs are incorporated by reference herein with the same force and effect as if set forth in full below.

104.    Defendants Michaels and Harbortown have willfully infringed the copyrights owned by Plaintiff.

105.    Defendants' infringement, use, sale and/or pirating of Plaintiff's copyrighted works has caused and will continue to cause permanent and irreparable harm to Plaintiff's business reputation and goodwill.

106.    Beyond monetary damages, Plaintiff needs injunctive relief to stop the willful and destructive infringement of its copyrighted works.

107.    Unless an injunction is granted, barring Defendants from further distributing, marketing, selling, publishing or otherwise promoting its Infringing Products, Plaintiff will suffer ongoing irreparable harm to its name, reputation and the exclusivity of its copyrighted works.

108.    Plaintiff does not have an adequate remedy at law.

109.    Based upon the clear and willful violations in this case, and the virtual identity of the works involved, Plaintiff has a substantial likelihood of success on the merits.

110.    Greater harm will befall the Plaintiff than Defendants if the injunctive relief herein sought is not granted.

**WHEREFORE**, Plaintiff respectfully requests this Honorable Court to enter an Order:

(a)     restraining all Defendants from manufacturing, distributing, promoting, selling, marketing, advertising, shipping, transporting (directly or indirectly) or otherwise moving in domestic or foreign commerce, any and all products that infringe Plaintiff's copyrighted works; and/or

(b)     ordering all Defendants to forfeit (and/or recall and/or destroy) all infringing sales, or related products and inventory that contains infringing material;

(c)     ordering all Defendants to recall any and all of its products or brochures that contain any works that infringe Plaintiff's copyrighted works; and

(d)     providing such other relief as the Court deems just.

18

## COUNT V
**PLAINTIFF v. ALL DEFENDANTS**
**Copyright Infringement / Damages**
**(17 U.S.C. § 504, et seq.)**

111.    The averments of the foregoing paragraphs are incorporated by reference herein with the same force and effect as if set forth in full below.

112.    Defendants Michaels and Harbortown do not have a license or authority to prepare or use any form or derivative copy or depiction of Plaintiff's copyrighted Instructions.

113.    As set forth above, Defendants have infringed, and continue to willfully and deliberately infringe, Plaintiff's protected Instructions on hundreds – and possibly thousands – of occasions.

114.    Defendants have unlawfully earned substantial profits by using Plaintiff's Instructions in the manufacturing, distribution, sale, and advertisements of their Infringing Products.

115.    Plaintiff is entitled to have Defendants disgorge all profits earned as a result of their infringement.

**WHEREFORE**, Plaintiff requests judgment against all Defendants for an amount in excess of Two Hundred and Fifty Thousand Dollars ($250,000), plus interest, costs, attorney's fees, and such other relief as the Court deems just.

## VI.        PRAYER FOR RELIEF

As a result of and in light of the foregoing, MCS respectfully requests that the Court find in its favor and against Defendants Michaels and Harbortown, and that the Court grant MCS the following relief:

a)      A judgment in favor of MCS that all Defendants have directly infringed MCS's federally registered trademark and copyright rights, and/or that Defendants have indirectly

infringed MCS's federally registered trademark and copyright rights by way of inducing and/or contributing to the direct infringement by its suppliers and/or customers;

b)       A permanent injunction, pursuant to 35 U.S.C. § 283, enjoining all Defendants and their officers, directors, agents, affiliates, employees, installers, branches, subsidiaries and parent entities, and all others acting in active concert therewith, from infringing, inducing the infringement of, or contributing to the infringement of MCS's federally registered trademark and copyright rights, as well as the destruction of all currently Infringing Products and a full recall of Infringing Products that were sold;

c)       An award to MCS of damages adequate to compensate MCS for all Defendants' acts of infringement, together with pre-judgment and post-judgment interest thereon;

d)       A declaration by this Court that this is an exceptional case and including an award to MCS of its reasonable attorneys' fees and costs in accordance with 35 U.S.C. § 285; and

e)       Any and all further relief that this Court deems just and proper.

## VII.       JURY DEMAND

MCS hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure on all issues so triable.

Respectfully submitted,

**BOCHETTO & LENTZ, P.C.**

*/s/ Gavin P. Lentz*

Date: October 6, 2021                    By: _____
                                             Gavin P. Lentz, Esquire (53609)
                                             Peter R. Bryant, Esquire (312328)
                                             Kean C. Maynard (327794)
                                             1524 Locust Street
                                             Philadelphia, PA 19102
                                             (215) 735-3900
                                             glentz@bochettoandlentz.com

pbryant@bochettoandlentz.com
kmaynard@bochettoandlentz.com
*Attorneys for Plaintiff*