## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MCS INDUSTRIES, INC.** | : | |
| 2280 Newlins Mill Road | : | **CIVIL ACTION** |
| Easton, Pennsylvania 18045 | : | |
| | : | Case No.  5:21-cv-02563 |
| *Plaintiff* | : | |
| | : | **JURY TRIAL DEMANDED** |
| v. | : | |
| | : | |
| **MICHAELS STORES, INC.** | : | |
| 8000 Bent Branch Drive | : | |
| Irving, TX 75063 | : | |
| | : | |
| and | : | |
| | : | |
| **THE MICHAELS COMPANIES, INC.** | : | |
| 251 Little Falls Drive | : | |
| Wilmington, DE 19808 | : | |
| | : | |
| and | : | |
| | : | |
| **MICHAELS STORES PROCUREMENT** | : | |
| **COMPANY, INC.** | : | |
| 251 Little Falls Drive | : | |
| Wilmington, DE 19808 | : | |
| | : | |
| | : | |
| and | : | |
| | : | |
| **HARBORTOWN INDUSTRIES, INC.** | : | |
| 28477 N Ballard Dr. | : | |
| Lake Forest, IL 60045 | : | |
| | : | |
| *Defendants* | : | |
| | : | |

## <u>ORDER</u>

**AND NOW**, this _____ day of _____, 2022, upon consideration of Moving Defendants' Motion to Dismiss, and any opposition thereto, it is hereby **ORDERED** and **DECREED** that the Motion is **DENIED.**

**IT IS FURTHER ORDERED** that within twenty (20) days of the date of this

Order, Defendants shall file an Answer to Plaintiff's Amended Complaint.

BY THE COURT:

_____

J.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MCS INDUSTRIES, INC.** | : | |
| 2280 Newlins Mill Road | : | **CIVIL ACTION** |
| Easton, Pennsylvania 18045 | : | |
| | : | Case No.  5:21-cv-02563 |
| *Plaintiff* | : | |
| | : | **JURY TRIAL DEMANDED** |
| v. | : | |
| | : | |
| **MICHAELS STORES, INC.** | : | |
| 8000 Bent Branch Drive | : | |
| Irving, TX 75063 | : | |
| | : | |
| and | : | |
| | : | |
| **THE MICHAELS COMPANIES, INC.** | : | |
| 251 Little Falls Drive | : | |
| Wilmington, DE 19808 | : | |
| | : | |
| and | : | |
| | : | |
| **MICHAELS STORES PROCUREMENT** | : | |
| **COMPANY, INC.** | : | |
| 251 Little Falls Drive | : | |
| Wilmington, DE 19808 | : | |
| | : | |
| and | : | |
| | : | |
| **HARBORTOWN INDUSTRIES, INC.** | : | |
| 28477 N Ballard Dr. | : | |
| Lake Forest, IL 60045 | : | |
| | : | |
| *Defendants* | : | |
| | : | |

## <u>ORDER IN THE ALTERNATIVE</u>

**AND NOW**, this _____ day of _____, 2022, upon consideration of

Moving Defendants' Motion to Dismiss, and any opposition thereto, it is hereby

**ORDERED** and **DECREED** that the Motion is **GRANTED IN PART AND DENIED IN PART.**

  **IT IS ORDERED THAT** Plaintiff's Claims against Harbortown Industries are transferred to the Northern District of Illinois.

  **IT IS FURTHER ORDERED** that all other issues raised in the Motion shall be determined by the District Court for the Northern District of Illinois.

         BY THE COURT:

         _____

                      J.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MCS INDUSTRIES, INC.** | : | |
| 2280 Newlins Mill Road | : | **CIVIL ACTION** |
| Easton, Pennsylvania 18045 | : | |
| | : | Case No.  5:21-cv-02563 |
| *Plaintiff* | : | |
| | : | **JURY TRIAL DEMANDED** |
| v. | : | |
| | : | |
| **MICHAELS STORES, INC.** | : | |
| 8000 Bent Branch Drive | : | |
| Irving, TX 75063 | : | |
| | : | |
| and | : | |
| | : | |
| **THE MICHAELS COMPANIES, INC.** | : | |
| 251 Little Falls Drive | : | |
| Wilmington, DE 19808 | : | |
| | : | |
| and | : | |
| | : | |
| **MICHAELS STORES PROCUREMENT** | : | |
| **COMPANY, INC.** | : | |
| 251 Little Falls Drive | : | |
| Wilmington, DE 19808 | : | |
| | : | |
| | : | |
| and | : | |
| | : | |
| **HARBORTOWN INDUSTRIES, INC.** | : | |
| 28477 N Ballard Dr. | : | |
| Lake Forest, IL 60045 | : | |
| | : | |
| *Defendants* | : | |
| | : | |

## ORDER IN THE ALTERNATIVE

**AND NOW**, this _____ day of _____, 2022, upon consideration of

Moving Defendants' Motion to Dismiss, and any opposition thereto, it is hereby

**ORDERED** and **DECREED** that Plaintiff is granted **60 DAYS** to conduct jurisdictional discovery;

      **IT IS FURTHER ORDERED** that within 20 days of the completion of jurisdictional discovery the parties shall submit supplemental briefing on the issue of personal jurisdiction and venue.

BY THE COURT:

_____

J.

2

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MCS INDUSTRIES, INC.** | : | |
| 2280 Newlins Mill Road | : | **CIVIL ACTION** |
| Easton, Pennsylvania 18045 | : | |
| | : | Case No.  5:21-cv-02563 |
| *Plaintiff* | : | |
| | : | **JURY TRIAL DEMANDED** |
| v. | : | |
| | : | |
| **MICHAELS STORES, INC.** | : | |
| 8000 Bent Branch Drive | : | |
| Irving, TX 75063 | : | |
| | : | |
| and | : | |
| | : | |
| **THE MICHAELS COMPANIES, INC.** | : | |
| 251 Little Falls Drive | : | |
| Wilmington, DE 19808 | : | |
| | : | |
| and | : | |
| | : | |
| **MICHAELS STORES PROCUREMENT** | : | |
| **COMPANY, INC.** | : | |
| 251 Little Falls Drive | : | |
| Wilmington, DE 19808 | : | |
| | : | |
| and | : | |
| | : | |
| **HARBORTOWN INDUSTRIES, INC.** | : | |
| 28477 N Ballard Dr. | : | |
| Lake Forest, IL 60045 | : | |
| | : | |
| *Defendants* | : | |
| | : | |

## PLAINTIFF'S RESPONSE IN OPPOSITION TO
## DEFENDANT HARBORTOWN INDUSTRIES, INC.'S MOTION TO
## DISMISS SECOND AMENDED COMPLAINT

Plaintiff MCS Industries, Inc. ("MCS"), by and through its attorneys, Bochetto & Lentz,

P.C., respectfully requests that this Honorable Court deny Defendant Harbortown Industries, Inc.'s

Motion to Dismiss the Second Amended Complaint. In support of its Response in Opposition to Defendants' Motion, Plaintiff relies upon the reasoning and authority set forth in the accompanying brief.

Respectfully submitted,

**BOCHETTO & LENTZ, P.C.**

*/s/ Gavin P. Lentz*

Date: February 10, 2022          By: _____

Gavin P. Lentz, Esquire (53609)
Peter R. Bryant, Esquire (312328)
Kean C. Maynard (327794)
1524 Locust Street
Philadelphia, PA 19102
(215) 735-3900
glentz@bochettoandlentz.com
pbryant@bochettoandlentz.com
kmaynard@bochettoandlentz.com
*Attorneys for Plaintiff*

2

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MCS INDUSTRIES, INC.** : | **CIVIL ACTION** |
| 2280 Newlins Mill Road : | |
| Easton, Pennsylvania 18045 : | Case No. 5:21-cv-02563 |
| : | |
| *Plaintiff* : | **JURY TRIAL DEMANDED** |
| : | |
| v. : | |
| : | |
| **MICHAELS STORES, INC.** : | |
| 8000 Bent Branch Drive : | |
| Irving, TX 75063 : | |
| : | |
| and : | |
| : | |
| **THE MICHAELS COMPANIES, INC.** : | |
| 251 Little Falls Drive : | |
| Wilmington, DE 19808 : | |
| : | |
| and : | |
| : | |
| **MICHAELS STORES PROCUREMENT** : | |
| **COMPANY, INC.** : | |
| 251 Little Falls Drive : | |
| Wilmington, DE 19808 : | |
| : | |
| and : | |
| : | |
| **HARBORTOWN INDUSTRIES, INC.** : | |
| 28477 N Ballard Dr. : | |
| Lake Forest, IL 60045 : | |
| : | |
| *Defendants* : | |
| : | |

## BRIEF OF PLAINTIFF IN OPPOSITION TO
## DEFENDANT'S MOTION TO DISMISS
## <u>PLAINTIFF'S SECOND AMENDED COMPLAINT</u>

Plaintiff MCS Industries, Inc. ("MCS"), by and through its attorneys, Bochetto & Lentz,

P.C., hereby submits this Brief in Opposition to the Motion to Dismiss Plaintiff's Second Amended

Complaint filed by Defendant Harbortown Industries, Inc.

Respectfully submitted,

**BOCHETTO & LENTZ, P.C.**

*/s/ Gavin P. Lentz*

Date: February 10, 2022     By: _____

Gavin P. Lentz, Esquire (53609)
Peter R. Bryant, Esquire (312328)
Kean C. Maynard (327794)
1524 Locust Street
Philadelphia, PA 19102
(215) 735-3900
glentz@bochettoandlentz.com
pbryant@bochettoandlentz.com
kmaynard@bochettoandlentz.com
*Attorneys for Plaintiff*

2

TABLE OF CONTENTS

I.      STATEMENT OF FACTS…………………………………………………………………..6

II.     SUMMARY OF THE ARGUMENT……………………………………………………..9

III.    ARGUMENT………………………………………………………………………11

    A.  Standard of Review…………………………………………………………………11

    B.  Plaintiff Has Sufficiently Pled a Showing of Personal Jurisdiction
        Over The Defendant …………...……………………………………………………..…12

    C.  In the event that this Court is inclined to determine that personal jurisdiction is not
        proper, Plaintiff requests an opportunity to conduct jurisdictional discovery …………..…17

    D.  The SAC Contains Harmless Error in its Venue Statute which Presents
        No Prejudice to Defendant…...……………..……………………………………………18

    E.  In the alternative, assuming arguendo that the Court determines that venue
        and jurisdiction are improper, the interests of justice require transfer
        to the Northern District of Illinois.  ……………..……………………………………21

    F.  Plaintiff incorporates its arguments in opposition to the Michaels Defendants'
        Motion to Dismiss as though set forth herein…………………………………………24

IV.     CONCLUSION…………………………………………………………………………..25

TABLE OF AUTHORITIES

*Arthur v. Maersk, Inc.*, 434 F.3d 196, 204 (3d Cir. 2006)……………………………....…………18

*Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)………........…11, 13, 20

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)………………………………………11

*BDB & Sons Moving, Inc. v. Transguard Ins. Co.*, No. CIV.A. 08-3465, 2010 WL

    4659155, at *3 (E.D. Pa. Nov. 16, 2010)…………………………………………………20

*Bockman v. First Am. Mktg. Corp.*, 459 F. App'x 157, 162 (3d Cir. 2012)………………………22

*Bogosian v. Gulf Oil Corp.*, 561 F.2d 434, 446 (3d Cir. 1977)…………………………………..11

*Cardone Indus., Inc. v. Honeywell* Int'l, Inc. No. CIV.A. 13-4484, 2014 WL 3389112,

    at *4 (E.D. Pa. July 11, 2014)……………………………………………………………19

*Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 273 (3d Cir. 2001)…………………...20

*Danziger & De Llano, LLP v. Morgan Verkamp LLC*, 948 F.3d 124, 130 (3d Cir. 2020)………13

*Deleski v. Raymark Industries, Inc.* 819 F.2d 377, 381 (3d Cir. 1987)…………………………..23

*Harris v. Steadman*, 160 F. Supp. 3d 814, 817 (E.D. Pa. 2016)…………………………………21

*IMO Indus., Inc. v. Kiekert*, 155 F.3d 254 (3d Cir. 1998)………………………..…….15, 16

*Jackson v. Lehigh Valley Physicians Grp.*, No. CIV.A. 08-3043, 2010 WL 3855274, at

    *1 (E.D. Pa. Sept. 29, 2010)………………………………………………………………...21

*M3 USA Corp. v. Hart*, 516 F.Supp.3d 476, 498 (E.D. Pa. 2021)………………………………16

*Maio v. Aetna*, 221 F.3d 472, 482 (3d Cir. 2000)………………………………………………....12

*Marangos v. Swett*, 2009 WL 1803264, at *2 (3d Cir. 2009)……………………………………11

*Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d 324, 336 (3d Cir. 2009)………………………17

*Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 97 (3d Cir. 2004)……………………………12,13

*Nichols v. G.D. Searle & Co.*, 991 F.2d 1195, 1200 (4th Cir. 1993)……………………………23

*Nutrition Distribution LLC v. Muscle Store Inc.*, No. 2:17-CV-01515-CRE, 2018 WL

3640190, at *5 (W.D. Pa. July 10, 2018)……………………………………………………23

*Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, 98 S. Ct. 2380, 2389, 57 L.

Ed. 2d 253 (1978)………………………………………………..………………17

*Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir.2008)…………………………..11, 12

*Remick v. Manfredy*, 238 F.3d 248, 260 (3d Cir. 2001)…………………………..…………15, 16

*Synthes, Inc. v. Marotta*, 281 F.R.D. 217, 224 (E.D. Pa. 2012)…………………………………19

*Umland v. Planco Fin. Servs.*, 542 F.3d 59, 64 (3d Cir. 2008)……………...……………12, 17

*Watson v. Abington Twp.*, 478 F.3d 144, 150 (3d Cir. 2007)………………………………...11

*Weaver v. UPMC*, 2008 WL 2942139, at *7 (W.D. Pa. July 30, 2008)…………………………...12

*Williams v. Elliott*, CV 18-5418, 2020 WL 470308, at *3 (E.D. Pa. Jan. 29, 2020)……………13

*Willis v. Green Tree Servicing, LLC*, 156 F. Supp. 3d 121, 123 (D.D.C. 2015)…………………22

*Wilkerson v. New Media Tech. Charter Sch., Inc.*, 522 F.3d 315 (3d Cir. 2008)…………………12

*Young v. St. Luke's Hosp.*, No. 09-CV-03460, 2010 WL 1348468, at *2

(E.D. Pa. Mar. 30, 2010)……………………………………………………………18


STATUES

Fed.R.Civ.P. 12(b)(6)…………………………………………………………...11, 12

Fed.R.Civ.P. 8(a)(2)………………………………………………………….....11, 13

F.R.C.P. 15(a)(2)………………………………………………………………………18

17 U.S. Code § 504……………………………………………………………..9, 18

28 U.S.C. § 1400……………………………………………………………………18

28 U.S.C. §1406……………………………………………………………………22

U.S.C. § 114(1)(a)…………………………………………………………………19

## I.     <u>STATEMENT OF FACTS</u>

This matter arises out of Defendants Michaels Stores Inc., Michaels Companies, Inc., Michaels Stores Procurement Company, Inc. (collectively "Michaels" or "the Michaels Defendants"), and Harbortown Industries, Inc.'s unlawful infringement of Plaintiff MCS's federally protected intellectual property. Since at least as early as 1992, MCS has continuously used its FORMAT trademark on or in connection with picture frames of varying sizes, which are sold at various retailers throughout the United States. *See* Second Amended Complaint ("SAC") at ¶27.

MCS is the owner and licensor of all intellectual property used on or in connection with the FORMAT goods offered and sold at the various retailers throughout the United States, including registered trademark and copyrights. *See* SAC at ¶28 - 35. The FORMAT photo frames (hereinafter, "FORMAT Frames") are sold at retail stores throughout the United States, including Michaels, Target, CVS, and Walmart. *Id*. MCS manufactures and distributes the FORMAT Frames under a common brand, made recognizable by the FORMAT mark, as well as the design and packaging of the product. *Id* at 36. Each FORMAT Frame is also packaged with the copyrighted Format Instructions to assist consumers with the use of the product. *Id* at 37. *See also* a copy of the Format Frame Instructions, attached to SAC as Exhibit "E."

FORMAT Frames are the top selling picture frame in the industry and represent nearly 45 percent of all frames produced by MCS, and account for 3-5% of MCS' total sales annually. Accordingly, consumers have come to trust the FORMAT brand and product, resulting in substantial value and good associated with the FORMAT trademark. *See* SAC at 40-41. Therefore, MCS considers its FORMAT Frame to be a signature product and has invested substantial resources in developing and protecting these picture frames to ensure retail use of the Format trademark is exclusive and unique to Plaintiff and its licensees. *Id* at 42-43.

MCS has had a longstanding business relationship with Michaels. *See* SAC at 49. In 2015, MCS learned that Michaels was infringing on one of its product trademarks – the TRENDSETTER trademark – by placing it on products not produced by MCS. *See* SAC at 50. However, in an effort to maintain stable business relations, MCS responded by permitting a one-time use of its TRENDSETTER mark on the remaining inventory held by Michaels in exchange for a two-year agreement on certain product lines, and Michaels' agreement to make no further use of MCS' TRENDSETTER trademark. *See* SAC at 52. MCS also communicated very clearly to Michaels that any use of MCS's trademarks on non-MCS products is prohibited, thus placing them on notice of the obvious – that they cannot unlawfully use MCS federally protected trademarks without permission. *See* SAC at 53 – 54.

However, despite such notice, Michaels repeated its unpermitted use of a MCS trademark again – this time with the FORMAT trademark. In or about April of 2021, Plaintiff's agent discovered that Michaels was selling picture frames under the brand name "Structure" (hereinafter the "Infringing Product") in its retail stores, which has nearly identical packaging and appearance as FORMAT Frames and are only distinguishable by the brand name placed on the front of the product's package. *See* SAC at 55 – 56. See also SAC Exhibit "H" providing photographs of the Infringing Product next to FORMAT Frames. Furthermore, the Infringing Product package includes exact copies of the copyright protected FORMAT Frame Instructions, which also include use of the FORMAT trademark. *See* SAC at 58. *See also* SAC Exhibit "L" which provides photos showing the Format Frame Instructions that were included in the "Structure" brand frames. Furthermore, the FORMAT trademark is clearly visible on the packaged Structure brand product as it sits on Michaels shelves. *Id*. Additionally, Plaintiff's agent purchased several Infringing Products and discovered the Michaels' sales receipt also listed the Structure products as

"FORMAT" products. *See* SAC Exhibit "I" showing photos of several receipts issued to Plaintiff's agent after purchasing the Infringing Product, which list Structure products as FORMAT Frames.

Following the discovery of Michaels irrefutable use of Plaintiff's trademark and copyright on non-MCS products, Plaintiff filed the initial lawsuit against Defendants on June 4, 2021, and same was served on Defendants June 8, 2021. Despite receiving proper service of this lawsuit, Plaintiff learned that Defendants **continued** to sell the Infringing Product thereafter. *See* SAC at 62.

On November 3, 2021, Plaintiff amended its complaint to add claims for counterfeit. Throughout Plaintiff's Amended Complaint it clearly details the allegations that Michaels' trademark infringement and use of the FORMAT Frame Instructions in association with the Infringing Product creates confusion for consumers. (*See* SAC at 60, detailing how consumers are left to believe that "Structure" products are associated with the FORMAT brand.*)* Plaintiff also clearly detailed the factual allegations regarding Defendants' willful and intentional use of MCS trademark and copyright. (*See* SAC at 62-64, demonstrating that Defendants willfully sold the Infringing Products on a national scale despite facing the instant lawsuit, which provides ample notice that the sales were unlawful. *See also* SAC at 6-7, 54, 72, and 85.)

Plaintiff's Second Amended Complaint also provides ample allegations of the damages it suffered as a result of Defendants' use of Plaintiff's signature trademark and copyright throughout its retail stores. Indeed, Plaintiff provides an entire subsection dedicated to pleading the damages it suffered. *See* SAC at 69 – 91, providing specific and detailed allegations of the damages suffered to Plaintiff, including actual lost sales data as well as detailed allegations regarding immeasurable damage to Plaintiff's reputation and good will. Finally, Plaintiff also makes several claims to the statutory rights available to Plaintiff's under federal law. *See* SAC at 91 and 102. *See also*, 15

U.S. Code § 1117 and 17 U.S. Code § 504, providing a right to statutory damages for violations of trademark and copyright infringement, respectively.

Following Plaintiff's filing of the original complaint requesting preliminary injunction against Michaels, discovery was conducted that revealed Harbortown was manufacturing the Infringing Product. *See* SAC at 74. Furthermore, Michaels' corporate representative has averred under oath that Harbortown was directly involved in the decision to include the Format Instructions with Structure Frames. *See* SAC at 75-78. *See also* Relevant Portions of the Deposition of Michaels' Corporate Representative attached hereto as Exhibit "A." Harbortown has been willfully manufacturing and distributing "Structure" products that include reproductions of the infringing Instructions, thus obtaining a commercial and economic benefit from the infringement to the detriment of Plaintiff. *Id.* Accordingly, Harbortown willfully and intentionally designed, manufactured, and distributed picture frames infringing MCS's trademarks and copyrights to retail stores throughout the United States. *Id.* It is therefore abundantly obvious that Harbortown's use of an identical reproduction of the Instructions infringes Plaintiff's federally registered trademarks and copyrights. *Id.*

## II.     SUMMARY OF THE ARGUMENT

Before the Court is Defendant Harbortown's Motion to Dismiss Plaintiff's Second Amended Complaint (the "SAC" or "Complaint"). Defendant's Motion relies heavily on the premature and legally flawed assertion that this Court does not have personal jurisdiction over Harbortown Industries, Inc. Defendant makes this argument using a cherry-picked portion of relevant case law to suggest that Plaintiff's residence in the forum is alone not enough to establish jurisdiction over Defendant. However, this argument completely ignores the other controlling factors in Plaintiff's pleadings that do establish personal jurisdiction over Harbortown Industries. First, at this stage of the litigation Plaintiff need only make a prima facie claim for personal

jurisdiction, which it clearly has. Furthermore, to the extent that additional evidence is requested at this stage, the record provides ample evidence to support all of Plaintiff's allegations that make the prima facie claim for personal jurisdiction. Second, notwithstanding, Plaintiff has also sufficiently pled allegations that comply with the *Calder* test applied by this Court after an evidentiary hearing. Indeed, this Court's precedent has already established that the precise kind of intentionally tortious conduct performed by Harbortown is sufficient to pass muster under all scrutiny regarding a personal jurisdiction analysis. Put simply, following Harbortown's intentional replication of Plaintiff's federally protected property – which includes literal ***copying*** of Plaintiff's trademarked name "Format" – it cannot claim in good faith that it did not have fair warning that it may be subject to jurisdiction in this forum.

The remaining claims in Defendant's motion are also a misguided attempt to avoid facing the music. Defendant requests this Court drop all claims against it because the SAC cites to an incorrect subsection of an otherwise proper statute to establish basis for venue. Indeed, Defendant desperately hopes that this Court might dismiss Plaintiff's claims with prejudice "in the interest of justice" because Plaintiff cited to 28 U.S.C. § 1400**(b)** for venue, instead of to 28 U.S.C. § 1400**(a)**. However, this request defies all logic and principles that guide this Court. To the extent that this minor error in Plaintiff's otherwise proper pleadings is an unavoidable flaw, Plaintiff requests leave to amend the complaint so that justice may be served against Defendant Harbortown.

Finally, in the event that this Court determines that jurisdiction and venue are improper, it should transfer the claims against Harbortown to the Northern District of Illinois, where its corporate center is located. Harbortown argues that dismissal, not transfer, is the appropriate remedy. This is meritless. Dismissal is only appropriate where a litigant has been so obdurate in its refusal to lay venue in the appropriate forum that it demonstrates bad faith and the imposition

10

of significant costs on the defendant and the Court. That is simply not the case here. First, jurisdiction and venue are appropriate. But even assuming *arguendo* that it is improper, Plaintiff brought this matter here in good faith with colorable arguments for jurisdiction. Moreover, unlike Harbortown's cited case law, there has been no significant expenditures of costs – the cited case law involves cases where the litigation stretched on for ***years*** thereby prejudicing the defendants and the courts. As a result, if the Court is inclined to determine venue and jurisdiction are improper, it must transfer this matter and not dismiss it.

## A.  Standard of Review

A complaint should only be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) if it does not allege facts to state a claim to relief that is "plausible on its face." *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir.2008) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when its factual content allows the court to draw a reasonable inference that the defendants are liable for the misconduct alleged. *Marangos v. Swett*, 2009 WL 1803264, at \*2 (3d Cir. 2009) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)). In order to satisfy the requirement of Fed.R.Civ.P. 8(a)(2) that a plaintiff include a "short and plain statement of the claim showing that the pleader is entitled to relief," a plaintiff is to aver factual allegations which "nudge" its claims "from conceivable to plausible." It is not necessary for the plaintiff to plead evidence. *Bogosian v. Gulf Oil Corp.*, 561 F.2d 434, 446 (3d Cir. 1977). The question is not whether the plaintiff will ultimately prevail. *Watson v. Abington Twp.*, 478 F.3d 144, 150 (3d Cir. 2007).

Instead, the court simply asks whether the plaintiff has articulated "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. In considering a Rule 12(b)(6) motion, a court accepts all of the plaintiff's allegations as true and construes all inferences in the light most favorable to the non-moving party. *Umland v. Planco Fin. Servs.*, 542 F.3d 59,

11

64 (3d Cir. 2008). A court is not required to consider legal conclusions, but it should determine whether the plaintiff should be permitted to offer evidence in support of the allegations. *Maio v. Aetna*, 221 F.3d 472, 482 (3d Cir. 2000). Therefore, a plaintiff must put forth sufficient facts that, when taken as true, suggest the required elements of a particular legal theory. *See Wilkerson v. New Media Tech. Charter Sch., Inc.*, 522 F.3d 315 (3d Cir. 2008) (citing Phillips, 515 F.3d at 224). This standard does not impose a heightened burden on the claimant above that which is already required by Rule 8, but instead calls for fair notice of the factual basis of a claim while "rais[ing] a reasonable expectation that discovery will reveal evidence of the necessary element." *Weaver v. UPMC*, 2008 WL 2942139, at *7 (W.D. Pa. July 30, 2008) (citing *Phillips*, 515 F.3d at 234; *Twombly*, 550 U.S. at 555). Here, as set forth below, Plaintiff has sufficiently pled facts supporting each of its claims, rendering dismissal improper.

## B. Plaintiff Has Sufficiently Pled A Showing Of Personal Jurisdiction Over The Defendant

Plaintiff's SAC sufficiently pleads allegations of Harbortown's conduct to establish personal jurisdiction both under the prima facie requirements at this current stage of litigation, as well as satisfying the *Calder* test under this Court's precedent.

### (1) The SAC satisfies prima facie showing of personal jurisdiction against Harbortown

At the early stages of litigation, prior to an evidentiary hearing on the issue of personal jurisdiction, the plaintiff need only meet a prima facie claim of personal jurisdiction over the defendant and "is entitled to have its allegations taken as true and all factual disputes drawn in its favor," *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 97 (3d Cir. 2004) (citations omitted). To meet its burden to establish personal jurisdiction, a plaintiff must allege that: (i) the defendant "purposefully directed [its] activities" at the forum; (ii) the plaintiff's claims arose out of or relate to those alleged activities; and (iii) exercising personal jurisdiction over the defendant will not

"offend traditional notions of fair play and substantial justice." See *Danziger & De Llano, LLP v. Morgan Verkamp LLC*, 948 F.3d 124, 130 (3d Cir. 2020). The *Miller Yacht Sale, Inc.* court held that jurisdiction over defendants that commit tortious activities directed at the forum is easily consistent with "traditional notions of fair play and substantial justice," absent compelling evidence of record why it would be unfair or unjust. See *Miller Yacht Sales, Inc.*, 384 F.3d at 100 ("without such compelling evidence, [defendants] cannot avoid the District Court's appropriate jurisdiction.)

The focus of a personal jurisdiction analysis is the relationship among the defendant, the forum, and the litigation such that the defendant has fair warning that it may be subject to suit in that forum. *Williams v. Elliott*, CV 18-5418, 2020 WL 470308, at *3 (E.D. Pa. Jan. 29, 2020).

As this Court has not held an evidentiary hearing, Plaintiff's allegations, taken as true, satisfy the pleading requirements to establish personal jurisdiction. Plaintiff sufficiently pleads the following;

    (i)    Harbortown "has purposely directed the infringing goods and products into this district, and upon information and belief, has committed, contributed to, and induced acts of trademark and copyright infringement in this district." See *SAC* at 21, 24(c), and 26.;

    (ii)    Plaintiff's claims arise from Harbortown "willfully manufacturing and distributing 'Structure' products that include reproductions of the infringing Instructions, thus obtaining a commercial and economic benefit from the infringement to the detriment of Plaintiff" See *SAC* at 74-78; and

    (iii)    Under *Miller Yacht Sales, Inc.*, exercising personal jurisdiction over Defendant Harbortown is easily consistent with "traditional notions of fair play and substantial

13

justice," as Harbortown has not offered any compelling evidence of record whatsoever to suggest it would be unfair or unjust for it to litigate these claims in Pennsylvania. To the contrary, it would be unfair and unjust for Harbortown to avoid litigation in Pennsylvania after having purposefully directed its intentionally tortious conduct at this forum.

In accordance with the above, Plaintiff's SAC satisfies a prima facie claim for personal jurisdiction over Harbortown at the current stage of litigation.

Notwithstanding, Defendant alleges that Plaintiff's claims regarding Harbortown's conduct are "merely conclusory" and therefore do not satisfy a showing that Harbortown "purposefully directed" the conduct at the forum. However, this statement is made in direct contradiction to the record, which includes ample evidence of Harbortown's involvement. The SAC itself, now including specific allegations regarding Harbortown's conduct and involvement in this matter, was submitted as a direct result of evidence obtained during discovery that connects Harbortown to the willful and purposeful tortious conduct alleged. See *SAC* at 74 – 78 (titled "Discovery of Harbotown's Involvement"). The record shows that Harbortown manufactured all infringing *Structure* products, which include word-for-word copies of Plaintiff's *Format* instructions, and made them available for distribution in all Michaels' retail stores.[1] See Relevant Portions of Deposition of Michaels Corporate Representative attached hereto as Exhibit "A" at 20: 14-23. Furthermore, Harbortown's conduct in deciding to infringe on Plaintiff's federally protected property is also directly supported by the deposition testimony of Michaels' corporate

---

[1] The record stands in direct contradiction to Harbortown's futile argument and declaration claiming that it did not manufacture the Structure product for distribution in Pennsylvania. Harbortown knew it was making the Structure products available for distribution in all Michaels' retail stores. Michaels is a national retail chain with stores throughout the United States. Therefore, Harbortown simply cannot claim in good faith that it did not "distribute any picture frames for Michaels in Pennsylvania." *See*, Yanko Decl. at ¶6.

14

representative, who testified that Michaels did not instruct Harbortown to copy the Format instructions nor did they provide Harbortown with a copy of the instructions. Id. at 40-41. Accordingly, the SAC has not only satisfied the prima facie claim for personal jurisdiction, the record also provides ample evidence in support of Plaintiff's allegations that Harbortown has purposefully conducted unlawful activity that was expressly aimed at the forum.

### (2) The SAC satisfies the requirements under the Calder test to establish personal jurisdiction.

Notwithstanding the above, Plaintiff's pleadings also satisfy the *Calder* test under Third Circuit precent. Defendant's argument claiming the SAC fails the *Calder* test relies on *IMO Indus., Inc. v. Kiekert*, 155 F.3d 254 (3d Cir. 1998) to suggest that Plaintiff's residence in the forum is alone not sufficient to establish personal jurisdiction. However, Defendant conveniently omits that *IMO* also states that a plaintiff's residence does in fact enhance a defendant's contacts with the forum under the *Calder* test. As held in *IMO*, "the unique relations among the defendant, the forum, the intentional tort, and the plaintiff may under certain circumstances render the defendant's contacts with the forum—which otherwise would not satisfy the requirements of due process— sufficient." At the heart of the *IMO* court declining personal jurisdiction was Defendant's conduct, which was allegedly "aimed" at harming a French company and not the not the in-forum plaintiff. The *IMO* Court held that inadvertent harm suffered by a Plaintiff in the forum, without more, was not enough to establish personal jurisdiction.

However, *IMO* has been properly distinguished under an analogous factual background in *Remick v. Manfredy*, 238 F.3d 248, 260 (3d Cir. 2001). In *Remick*, the Third Circuit held that "unlike the case in *IMO Industries*, where the German defendant's alleged tortious conduct appeared to have been expressly aimed at injuring a French company and not the in-forum plaintiff, in this case [Defendants] alleged tortious conduct was expressly aimed at injuring [Plaintiff] in

15

Pennsylvania where he lives and works. That is sufficient to satisfy both *Calder* and *IMO Industries*." Furthermore, in *M3 USA Corp. v. Hart*, 516 F.Supp.3d 476, 498 (E.D. Pa. 2021) this Court has held that the precise kind of intentional tortious conduct alleged in the instant matter satisfies a finding for personal jurisdiction when aimed at a Pennsylvania plaintiff. In *Hart*, the defendant obtained trade secrets from a company it knew was located in Pennsylvania. The focus of the alleged tortious conduct in *Hart* was the defendant's use of trade secrets that it knew belonged to a corporation located in Pennsylvania. The *Hart* defendant's use of those trade secrets took place exclusively outside of Pennsylvania. However, despite the lack of direct contact with the forum state, this Court found that "[a]ny misappropriation of this material by defendants was 'purposefully directed' at Pennsylvania in that it was calculated to have a detrimental impact on a company located within that forum."

The instant facts are directly analogous to *Remick* and *Hart*, in that Harbortown's tortious conduct was expressly aimed at injuring MCS, which is located in Pennsylvania. As discussed above, the record evidences that it was Harbotown's decision to copy the Format instructions and place them onto the Structure products. In making the decision, Harbortown was willfully and intentionally infringing on a trademark and copyright it knew belonged to MCS, its direct competitor located in Pennsylvania. Under *Remick* and *Hart*, Harbortown's willful and intentional infringement of MCS' trademark and copyright alone constitutes tortious conduct that is "purposefully directed" at Pennsylvania and therefore satisfies the requirements for this Court to exercise personal jurisdiction.

In conclusion, Plaintiff's SAC sufficiently pleads a claim for personal jurisdiction by every metric under the law. Accordingly, Harbortown's futile effort to dismiss Plaintiff's claim on personal jurisdiction grounds is simply an attempt to evade accountability for its well documented

willful and intentional tortious conduct aimed at MCS, its direct competitor located in Pennsylvania. Accordingly, Defendant cannot claim in good faith that it did not have fair warning that it may be subject to suit in this forum.

**C.** **In the event that this Court is inclined to determine that personal jurisdiction is not proper, Plaintiff requests an opportunity to conduct jurisdictional discovery.**

As set forth above, Plaintiff has set forth sufficient facts supporting jurisdiction in the instant forum. However, in the event that the Court determines that Plaintiff has not met its burden, Plaintiff respectfully requests the opportunity to conduct jurisdictional discovery.

The Supreme Court of the United States has determined that "where issues arise as to jurisdiction or venue, discovery is available to ascertain the facts bearing on such issues." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, 98 S. Ct. 2380, 2389, 57 L. Ed. 2d 253 (1978). Further, under Third Circuit precedent "if "'the plaintiff's claim is not clearly frivolous [as to the basis for personal jurisdiction], the district court should ordinarily allow discovery on jurisdiction in order to aid the plaintiff in discharging that burden.'" *Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d 324, 336 (3d Cir. 2009). Indeed, in *Metcalfe* the Court determined that "jurisdictional discovery [is] particularly appropriate where the defendant is a corporation." *Id*.

Here, as set forth above, Plaintiff's claim as to the basis for personal jurisdiction is ***not*** clearly frivolous. Plaintiff has identified purposeful targeting of the forum state. Moreover, as more fully set forth below, there are facts of record that dispute Harbortown's sworn affidavit that it solely delivers frames to Michaels in China. Instead, there is evidence that on July 22, 2020, Harbortown shipped "20 pre-production samples" to Michael's representative in Texas. (*See* July 22, 2020 Email attached hereto as Exhibit "B"; *see* FedEx Receipt attached hereto as Exhibit "C.") Further, the contract between Michaels and Harbortown identifies Harbortown as

17

an "import vendor." (*See* Trading Partner Agreement attached hereto as Exhibit "D.") As a result of these facts, and the contradiction to Harbortown's affidavit, Plaintiff is entitled to conduct jurisdictional discovery and to test the averments in the affidavit.

**D. <u>The SAC Contains Harmless Error in its Venue Statute which Presents No Prejudice to Defendant</u>**

Plaintiff's invocation of 28 U.S.C. § 1400 for venue is indeed correct and legally accurate. However, Plaintiff acknowledges that it made a minor error in citing to 28 U.S.C. § 1400**(b)** for venue, which provides venue for patent cases. Plaintiff of course intended to cite to 28 U.S.C. § 1400**(a)** for venue, which provides venue for "civil actions, suits, or proceedings arising under any Act of Congress relating to copyrights…" Here, Plaintiff's SAC indeed arises under 17 U.S. Code Chapter 5 - COPYRIGHT INFRINGEMENT AND REMEDIES. Therefore, Plaintiff's citation to 28 U.S.C. § 1400 for venue is proper. To the extent this Court finds that the erroneous citation to "(b)" instead of "(a)" creates a "fatal flaw" to Plaintiff's pleadings, then Plaintiff respectfully requests an opportunity to amend the SAC to correct the venue citation.

Pursuant to Rule 15(a)(2), Plaintiff may file an amended complaint with the Court's leave. F.R.C.P. 15(a)(2). "Federal Rule of Civil Procedure 15(a)(2) provides that courts 'should freely give leave' to amend a pleading 'when justice so requires.'" *Young v. St. Luke's Hosp.*, No. 09-CV-03460, 2010 WL 1348468, at \*2 (E.D. Pa. Mar. 30, 2010).

The Third Circuit has found that "[l]eave to amend ***must*** generally be granted unless equitable considerations render it otherwise unjust." *Arthur v. Maersk, Inc.*, 434 F.3d 196, 204 (3d Cir. 2006) (emphasis added). A district court may deny leave to amend a complaint where "it is apparent from the record that (1) the moving party has demonstrated undue delay, bad faith or dilatory motives, (2) the amendment would be futile, or (3) the amendment would prejudice the other party." *Synthes, Inc. v. Marotta*, 281 F.R.D. 217, 224 (E.D. Pa. 2012). Importantly, "[i]n

18

the absence of substantial or undue prejudice, denial [of a motion to amend] must be grounded in bad faith or dilatory motives, truly undue or unexplained delay, repeated failure to cure deficiency by amendments previously allowed or futility of amendment." *Cardone Indus., Inc. v. Honeywell Int'l, Inc.*, No. CIV.A. 13-4484, 2014 WL 3389112, at *4 (E.D. Pa. July 11, 2014).

When determining whether to grant leave to amend the complaint "prejudice to the non-moving party is the touchstone for the denial of an amendment." *Arthur* at 204. "Given the liberal standard under Rule 15(a), 'the burden is on the party opposing the amendment to show prejudice, bad faith, undue delay, or futility.'" *Cardone Indus., Inc. v. Honeywell Int'l, Inc.*, No. CIV.A. 13-4484, 2014 WL 3389112, at *4 (E.D. Pa. July 11, 2014). Further, the party claiming such prejudice is required to show that it has been "unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered had the ... amendment [ ] been timely." Arthur at 204. The Third Circuit has described the liberal policy of granting leave to amend as "ensur[ing] that an inadvertent error in pleading will not preclude a party from securing relief on the merits of a claim." Id. at 202.

### i.   Defendant will not be prejudiced by the filing of an amended Complaint.

At the outset, the amendment does not prejudice Defendants. As set forth above, prejudice is the touchstone for the denial of an amendment. *Arthur* at 204. "[T]o determine whether prejudice exists, the court should consider 'whether allowing an amendment would result in additional discovery, cost, and preparation to defend against *new* facts or new theories.'" *Young v. St. Luke's Hosp.*, at *3. Further, the mere fact that a party seeks to amend a pleading does not demonstrate prejudice. Indeed, "[m]otions to amend under Rule 15(a) serve a multitude of purposes, including " [ ] add [ing], substitut[ing] or drop[ping] parties to the action.. . . ." *Synthes* at 227. Accordingly, even though these purposes may transform or complicate the case in some

manner, that alone does not bar a party from amending. Instead, [o]nly where "the amendment '*substantially* changes the theory on which the case has been proceeding and is proposed late enough so that the opponent would be required to engage in significant new preparation,' may the court deem it prejudicial." *Id.*

Here, there is no such prejudice. Plaintiff's Second Amended Complaint does not add a new cause of action against Defendants, nor does it assert contrary, or different facts. Instead, the amendment simply erroneously cites to the wrong subsection of the correct statute. Defendant clearly read 28 U.S.C. § 1400 in its effort to file the instant Motion to Dismiss, and therefore must have seen that subsection "(a)" relates to claims arising under copyright and therefore 28 U.S.C. § 1400 does provide venue for Plaintiff's claims. Accordingly, Defendant is clearly on notice that venue is proper under 28 U.S.C. § 1400 and there is no prejudice to Defendant Harbortown by allowing Plaintiff leave to file an amended complaint citing the proper subsection.

### ii. Defendant cannot demonstrate undue delay.

There is no undue delay in seeking to file the Second Amended Complaint. The Third Circuit stated that "delay alone is an insufficient ground to deny leave to amend." *Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 273 (3d Cir. 2001). Importantly, "the length of delay is rarely dispositive, and courts often find delays of less than one year permissible, although delays as long as four years have also been allowed." *BDB & Sons Moving, Inc. v. Transguard Ins. Co.*, No. CIV.A. 08-3465, 2010 WL 4659155, at *3 (E.D. Pa. Nov. 16, 2010).

As a result, courts have routinely allowed amendments to complaints at various stages in the litigation, *including on the eve of trial*. See *Jackson v. Lehigh Valley Physicians Grp.*, No. CIV.A. 08-3043, 2010 WL 3855274, at *1 (E.D. Pa. Sept. 29, 2010).

Here, Plaintiff is moving for leave to amend at the early stages of this litigation.

20

Accordingly, Defendant has sufficient time to respond to an amended complaint, prepare its defenses, and fully litigate this matter. As a result, there is no delay by Plaintiffs in seeking to amend the pleadings.

### iii. Defendant cannot demonstrate futility.

An "[a]mendment is futile if a proposed amended complaint is 'frivolous or advances a claim or defense that is legally insufficient on its face.'" *Harris v. Steadman*, 160 F. Supp. 3d 814, 817 (E.D. Pa. 2016), appeal dismissed (Apr. 8, 2016). Here, the proposed amendments do not bring new causes of action that were not previously pled, nor do the proposed amendments advance claims that are "legally insufficient on their face." Again, Plaintiff is simply correcting the subsection of the proper statute cited for venue. As a result, Defendants cannot argue that correcting the venue statute is futile. Accordingly, to the extent this Court finds necessary, Plaintiff should be granted leave to amend its complaint and correct the subsection of the venue statute in its Complaint.

### E. In the alternative, assuming *arguendo* that the Court determines that venue and jurisdiction are improper, the interests of justice require transfer to the Northern District of Illinois.

Defendant Harbortown argues that the interests of justice require dismissal of this matter as a result of "improper" venue. This is meritless. Instead, in the event that the Court determines that venue in the Eastern District of Pennsylvania is improper, it should transfer the claims against Harbortown to the District Court for the Northern District of Illinois.

Pursuant to 28 U.S.C. §1406, where a district court determines that venue has been laid in the wrong district it may "in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. §1406. "In most cases of improper venue, the courts conclude that it is in the interest of justice to transfer to a proper forum rather than to

dismiss the litigation." § 3827 Transfer to Proper Venue or Dismissal Under 28 U.S.C.A. § 1406(a), 14D Fed. Prac. & Proc. Juris. § 3827 (4th ed.). "Transfer in lieu of dismissal is generally appropriate to avoid penalizing plaintiffs by "time-consuming and justice-defeating technicalities." *Bockman v. First Am. Mktg. Corp.*, 459 F. App'x 157, 162 (3d Cir. 2012). Federal Courts routinely recognize that absent clear evidence of bad faith or motive, it is more appropriate to transfer than to dismiss. *See Willis v. Green Tree Servicing, LLC*, 156 F. Supp. 3d 121, 123 (D.D.C. 2015) *stating that* "[t]he decision whether to transfer is committed to the sound discretion of the Court, but the interest of justice generally favors transferring a case to an appropriate forum."

Defendant essentially argues that where there is an "obvious" error, such error mandates that the claim be dismissed as opposed to transferred. The – obvious – problem with this argument is that simply bringing a case in an improper venue or jurisdiction is not *ipso facto* an "obvious" error that mandates a harsh sanction. Indeed, as set forth above, the generally appropriate relief is to transfer the matter to the correct jurisdiction. The harsh sanction of dismissal is rare and reserved for litigants that are either acting in bad faith, are dilatory, or whom have no further valid cause of action. For example, the District Court for the Western District of Pennsylvania recognized that transfer is generally preferred and appropriate as opposed to dismissal, but determined that where the plaintiff had laid venue improperly on three separate occasions, was on notice of the proper venue, and had twice refused to stipulate to transfer, dismissal was appropriate. *See Nutrition Distribution LLC v. Muscle Store Inc.*, No. 2:17-CV-01515-CRE, 2018 WL 3640190, at *5 (W.D. Pa. July 10, 2018), *report and recommendation adopted*, No. CV 17-1515, 2018 WL 3632438 (W.D. Pa. July 31, 2018). Further, the cases cited by Harbortown involve similar litigants and fact patterns. In *Deleski v.*

*Raymark Industries, Inc.*, the District Court refused to transfer a case under section 1404 (which is distinguishable from the instant matter as that section is concerned with **voluntary** transfer where venue is proper) on the basis that the interests of justice do not extend to a plaintiff that files in a proper venue, discovers her claim is time-barred, and then belatedly seeks a transfer to a venue with a longer statute of limitations. 819 F.2d 377, 381 (3d Cir. 1987). Clearly, such a litigant and her attorney were correct in their determination that the venue was proper, and as such the interests of justice are not served by her seeking transfer only after her case was dismissed on the basis of the statute of limitations. Accordingly, that matter is distinguishable from the instant case.

Similarly, Harbortown cites *Nichols v. G.D. Searles & Co.* for the proposition that a mistake justifies dismissal over transfer. Again, this case is distinguishable from the instant matter. There, plaintiffs predicated jurisdiction on the basis that the defendants advertised and solicited business in the forum state. *Nichols v. G.D. Searle & Co.*, 991 F.2d 1195, 1200 (4th Cir. 1993). The Court determined that under clear caselaw known to the attorneys at the time, such activities do not constitute clear and continuous contacts such that jurisdiction was proper. However, instead of seeking transfer, plaintiffs continued to litigate the matter in the wrong forum for **over five years.** *Id.* at 1202. Accordingly, the basis for denial was: 1) clear disregard for known caselaw; and 2) litigation for over five years. This disregard led to substantial costs imposed on the defendant and the Court. There are no such similar facts in this matter.

Indeed, to the extent that jurisdiction and venue are improper in this matter – which Plaintiff disputes – Plaintiff brought its claims against Harbortown in good faith. First, the fact that Harbortown was compelled to produce an affidavit that it does not ship goods into the United States demonstrates that it is not obvious that a U.S. company doing business with

23

another U.S. company by manufacturing and distributing frames sold nationwide would not actually ship those products to either distribution centers or stores within the United States. It is entirely reasonable to conclude that Harbortown – as a manufacturer and distributor of the frames at issue – would be engaged in shipping the infringing products in the instant forum.

Moreover, there is evidence of record that, despite Harbortown's sworn affidavit, it does in fact ship goods into the United States. For example, on July 22, 2020, Harbortown shipped "20 pre-production samples" to Michael's representative in Texas. (*See* July 22, 2020 Email attached hereto as Exhibit "B"; *see* FedEx Receipt attached hereto as Exhibit "C"). Further, the contract between Michaels and Harbortown identifies Harbortown as an "import vendor." (*See* Trading Partner Agreement attached hereto as Exhibit "D"). These facts demonstrate that Plaintiff had a good faith belief that Harbortown was responsible for the shipment of such products into the forum state, and therefore jurisdiction was proper here.

As a result, to the extent that this Court determines that jurisdiction is improper, the Court should transfer this matter to the Northern District of Illinois, where Defendant Harbortown is located.

**F. Plaintiff incorporates its arguments in opposition to the Michaels Defendants' Motion to Dismiss as though set forth herein.**

Harbortown incorporated the Michaels Defendants' arguments from their Motion to Dismiss in its own Motion to Dismiss by reference. As a result, for the convenience of the Court, Plaintiff does the same, and incorporates all such arguments against the Michaels Defendants' Motion to Dismiss as though set forth herein in their entirety.

24

### III.     <u>**CONCLUSION**</u>

Accordingly, for the reasons set forth above, Plaintiff respectfully requests that the Court

deny Defendants' Motion to Dismiss.

Respectfully submitted,

**BOCHETTO & LENTZ, P.C.**

*/s/ Gavin P. Lentz*

Date: February 10, 2022          By: _____

Gavin P. Lentz, Esquire (53609)
Peter R. Bryant, Esquire (312328)
Kean C. Maynard (327794)
1524 Locust Street
Philadelphia, PA 19102
(215) 735-3900
glentz@bochettoandlentz.com
pbryant@bochettoandlentz.com
kmaynard@bochettoandlentz.com
*Attorneys for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MCS INDUSTRIES, INC.** | : | |
| 2280 Newlins Mill Road | : | **CIVIL ACTION** |
| Easton, Pennsylvania 18045 | : | |
| | : | Case No.  5:21-cv-02563 |
| *Plaintiff* | : | |
| | : | **JURY TRIAL DEMANDED** |
| v. | : | |
| | : | |
| **MICHAELS STORES, INC.** | : | |
| 8000 Bent Branch Drive | : | |
| Irving, TX 75063 | : | |
| | : | |
| and | : | |
| | : | |
| **THE MICHAELS COMPANIES, INC.** | : | |
| 251 Little Falls Drive | : | |
| Wilmington, DE 19808 | : | |
| | : | |
| and | : | |
| | : | |
| **MICHAELS STORES PROCUREMENT** | : | |
| **COMPANY, INC.** | : | |
| 251 Little Falls Drive | : | |
| Wilmington, DE 19808 | : | |
| | : | |
| | : | |
| and | : | |
| | : | |
| **HARBORTOWN INDUSTRIES, INC.** | : | |
| 28477 N Ballard Dr. | : | |
| Lake Forest, IL 60045 | : | |
| | : | |
| *Defendants* | : | |
| | : | |

## <u>CERTIFICATE OF SERVICE</u>

I, Gavin P. Lentz, Esquire, hereby certify that a true and correct copy of the foregoing

pleading was filed electronically through this Court's ECF System and is available for viewing

and downloading from this Court's ECF System.  I further certify that an electronic copy of the

foregoing was served upon all parties of record through this Court's ECF System.

**BOCHETTO & LENTZ, P.C.**

*/s/ Gavin P. Lentz*

By: _____

Date: February 10, 2022

Gavin P. Lentz, Esquire (53609)
Peter R. Bryant, Esquire (312328)
Kean C. Maynard (327794)
1524 Locust Street
Philadelphia, PA 19102
(215) 735-3900
glentz@bochettoandlentz.com
pbryant@bochettoandlentz.com
kmaynard@bochettoandlentz.com
*Attorneys for Plaintiff*

2