IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MCS INDUSTRIES, INC. <br><br> Plaintiff, <br><br> v. <br><br> MICHAELS STORES, INC, THE MICHAELS COMPANIES, INC., MICHAELS STORES PROCUREMENT COMPANY, INC., AND HARBORTOWN INDUSTRIES, INC., <br><br> Defendants. | No. 5:21-cv-02563-JLS <br><br> Judge Jeffrey L. Schmehl <br><br> Second Amended Complaint Filed: 11/03/21 |

**DEFENDANT MICHAELS STORES, INC., ET AL.'S ANSWER TO COMPLAINT FOR TRADEMARK AND COPYRIGHT INFRINGEMENT**

Defendants Michaels Stores, Inc., The Michaels Companies, Inc., and Michaels Stores Procurement Company, Inc. (collectively "Michaels") answers the Second Amended Complaint (the "Complaint") of Plaintiff MCS Industries Inc., ("MCS") as follows:

**NATURE OF THE ACTION**

1. Michaels denies the allegations in paragraph 1 of the Complaint.

2. Michaels denies the allegations in paragraph 2 of the Complaint.

3. Michaels lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 3 of the Complaint. To the extent a response is required, Michaels denies the allegations contained in paragraph 3 of the Complaint.

4. Michaels lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 4 of the Complaint. To the extent a response is required, Michaels denies the allegations contained in paragraph 4 of the Complaint.

1

5. Michaels denies the allegations in paragraph 5 of the Complaint.

6. Michaels denies the allegations in paragraph 6 of the Complaint.

7. Michaels denies the allegations in paragraph 7 of the Complaint.

8. Michaels denies the allegations in paragraph 8 of the Complaint.

9. Michaels denies the allegations in paragraph 9 of the Complaint.

10. As to the allegations against Michaels, Michaels denies the allegations in paragraph 10 of the Complaint. Michaels lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 10 of the Complaint.

11. Michaels denies the allegations in paragraph 11 of the Complaint.

12. Michaels denies the allegations in paragraph 12 of the Complaint.

13. As to the allegations against Michaels, Michaels denies the allegations in paragraph 13 of the Complaint. Michaels lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 13 of the Complaint.

14. Michaels denies the allegations in paragraph 14 of the Complaint.

15. Michaels denies the allegations in paragraph 15 of the Complaint.

16. Michaels denies the allegations in paragraph 16 of the Complaint.

## PARTIES

17. Michaels lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 17 of the Complaint.[1] To the extent a response is required, Michaels denies the allegations contained in paragraph 14 of the Complaint.

18. The allegations of paragraph 18 of the Complaint are legal conclusions requiring no response from Michaels. To the extent paragraph 18 alleges facts, Michaels admits that it is a

---

[1] Plaintiff's Second Amended Complaint (ECF 45) numbers paragraphs out of order, where Section II begins with ¶14 rather than ¶17. This Answer responds to paragraphs with the proper chronological number.

Delaware corporation, with its principal place of business located in Irving, Texas, and that it operates retail stores. Michaels denies the remaining allegations in paragraph 18 of the Complaint.

19. The allegations of paragraph 19 of the Complaint are legal conclusions requiring no response from Michaels. To the extent paragraph 19 alleges facts, Michaels admits that it is established under the laws of Delaware. Michaels denies the remaining allegations in paragraph 19 of the Complaint.

20. The allegations of paragraph 20 of the Complaint are legal conclusions requiring no response from Michaels. To the extent paragraph 20 alleges facts, Michaels admits the allegations in paragraph 20 of the Complaint.

21. The allegations of paragraph 21 of the Complaint are legal conclusions requiring no response from Michaels. To the extent paragraph 21 alleges facts, Michaels denies the allegations in paragraph 21 of the Complaint.

22. Michaels denies the allegations in paragraph 22 of the Complaint.

23. Michaels lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 23 of the Complaint, and on that basis denies them.

24. Michaels denies the allegations in paragraph 24 of the Complaint.

## JURISDICTION AND VENUE

25. The allegations in paragraph 25 of the Complaint are legal conclusions requiring no response from Michaels. To the extent paragraph 25 alleges facts, Michaels denies the allegations of paragraph 25.

26. The allegations in paragraph 26 of the Complaint are legal conclusions requiring no response from Michaels. To the extent paragraph 26 alleges facts, Michaels denies the allegations of paragraph 26.

27. The allegations in paragraph 27 of the Complaint are legal conclusions requiring no response from Michaels. To the extent paragraph 27 alleges facts, Michaels denies the allegations of paragraph 27.

   a. Michaels denies the allegations in paragraph 27(a) of the Complaint.

   b. Michaels denies the allegations in paragraph 27(b) of the Complaint.

   c. Michaels lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 27(c) of the Complaint, and on that basis denies them.

28. The allegations in paragraph 28 of the Complaint are legal conclusions requiring no response from Michaels. To the extent paragraph 28 alleges facts, Michaels denies the allegations of paragraph 28.

29. The allegations in paragraph 29 of the Complaint are legal conclusions requiring no response from Michaels. To the extent paragraph 29 alleges facts, Michaels lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 29 of the Complaint, and on that basis denies them.

**FACTS COMMON TO ALL COUNTS**

30. Michaels lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 30 of the Complaint, and on that basis denies them.

31. Michaels lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 31 of the Complaint, and on that basis denies them.

32. Michaels states that U.S. Trademark Registration No. 2814896 for the mark FORMAT for "picture frames" speaks for itself, and identifies MCS as the registrant. Michaels lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 32, and on that basis denies them.

33. The allegations in paragraph 33 of the Complaint are legal conclusions requiring no response from Michaels. To the extent paragraph 33 alleges facts, Michaels lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 33 of the Complaint, and on that basis denies them.

34. Michaels lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 34 of the Complaint, and on that basis denies them.

35. Michaels lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 35 of the Complaint, and on that basis denies them.

36. Michaels states that U.S. Copyright Registration No. TX 8-958-646, including the text and 2D artwork for the "Easel Twist Format Instructions" speaks for itself, and identify MCS as the registrant. Michaels lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 36, and on that basis denies them.

37. Michaels states that U.S. Copyright Registration No. TX 8-955-6192, including the text and 2D artwork for the "Ramp Easel Format Instructions" speaks for itself, and identify MCS as the registrant. Michaels lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 37, and on that basis denies them.

38. Michaels lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 38 of the Complaint, and on that basis denies them.

39. Michaels lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 39 of the Complaint, and on that basis denies them.

40. Michaels lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 40 of the Complaint, and on that basis denies them.

41. Michaels lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 41 of the Complaint, and on that basis denies them.

42. Michaels lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 42 of the Complaint, and on that basis denies them.

43. Michaels lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 43 of the Complaint, and on that basis denies them.

44. Michaels lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 44 of the Complaint, and on that basis denies them.

45. Michaels lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 45 of the Complaint, and on that basis denies them.

46. Michaels lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 46 of the Complaint, and on that basis denies them.

47. Michaels denies the allegations in paragraph 47 of the Complaint.

48. Michaels admits that its website identifies it stores and locations and that several website are operated that provide information about goods and services. Michaels denies the remaining allegations in paragraph 48 of the Complaint

49. Michaels lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 49, and on that basis denies them.

50. Michaels states that U.S. Trademark Registration No. 3718446 for the mark TRENDSETTER for "Picture frames" speaks for itself, and identifies MCS as the registrant. Michaels lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 50 of the Complaint and on that basis denies them.

51. Michaels lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 51 of the Complaint, and on that basis denies them.

52. Michaels admits that it, at one time, MCS was an authorized vendor but that relationship was terminated by Michaels. Michaels denies the remaining allegations in paragraph 52 of the Complaint.

53. Michaels denies the allegations in paragraph 53 of the Complaint.

54. Michaels denies the allegations in paragraph 54 of the Complaint.

55. Michaels denies the allegations in paragraph 55 of the Complaint.

56. Michaels denies the allegations in paragraph 56 of the Complaint.

57. Michaels lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 57 of the Complaint, and on that basis denies them.

58. Michaels denies the allegations in paragraph 58 of the Complaint.

59. Michaels denies the allegations in paragraph 59 of the Complaint.

60. Michaels denies the allegations in paragraph 60 of the Complaint.

61. Michaels denies the allegations in paragraph 61 of the Complaint.

62. Michaels denies the allegations in paragraph 62 of the Complaint.

63. Michaels denies the allegations in paragraph 63 of the Complaint.

64. Michaels denies the allegations in paragraph 64 of the Complaint.

65. Michaels denies the allegations in paragraph 65 of the Complaint.

66. Michaels denies the allegations in paragraph 66 of the Complaint.

67. Michaels denies the allegations in paragraph 67 of the Complaint.

68. Michaels denies the allegations in paragraph 68 of the Complaint.

69. Michaels denies the allegations in paragraph 69 of the Complaint.

70. Michaels denies the allegations in paragraph 70 of the Complaint.

71. Michaels denies the allegations in paragraph 71 of the Complaint.

72. Michaels denies the allegations in paragraph 72 of the Complaint.

73. Michaels denies the allegations in paragraph 73 of the Complaint.

74. Michaels denies the allegations in paragraph 74 of the Complaint.

75. Michaels denies the allegations in paragraph 75 of the Complaint.

76. Michaels denies the allegations in paragraph 76 of the Complaint.

77. Michaels denies the allegations in paragraph 77 of the Complaint.

78. Michaels lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 78 of the Complaint, and on that basis denies them.

79. Michaels denies the allegations in paragraph 79 of the Complaint.

80. Michaels lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 80, and on that basis denies them.

81. Michaels lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 81 of the Complaint, and on that basis denies them.

82. Michaels lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 82 of the Complaint, and on that basis denies them.

83. Michaels denies the allegations in paragraph 83 of the Complaint.

84. The allegations in paragraph 84 of the Complaint are legal conclusions requiring no response from Michaels. To the extent paragraph 84 alleges facts, Michaels denies the allegations in paragraph 84 of the Complaint.

85. The allegations in paragraph 85 of the Complaint are legal conclusions requiring no response from Michaels. To the extent paragraph 85 alleges facts, Michaels denies the allegations in paragraph 85 of the Complaint.

86. Michaels denies the allegations in paragraph 86 of the Complaint.

87. Michaels denies the allegations in paragraph 87 of the Complaint.

88. Michaels denies the allegations in paragraph 88 of the Complaint.

89. Michaels denies the allegations in paragraph 89 of the Complaint.

90. Michaels denies the allegations in paragraph 90 of the Complaint.

91. Michaels denies the allegations in paragraph 91 of the Complaint.

92. Michaels denies the allegations in paragraph 92 of the Complaint.

93. Michaels denies the allegations in paragraph 93 of the Complaint.

94. The allegations of paragraph 94 of the Complaint are legal conclusions requiring no response from Michaels. To the extent paragraph 94 alleges facts, Michaels denies the allegations in paragraph 94 of the Complaint.

## COUNT I
### Trademark Infringement/Injunctive Relief

95. Michaels hereby restates and incorporates by reference its responded to paragraphs 1-94 as though fully set forth herein.

96. The allegations of paragraph 96 of the Complaint are legal conclusions requiring no response from Michaels. To the extent paragraph 96 alleges facts, Michaels denies the allegations in paragraph 96 of the Complaint.

97. Michaels denies the allegations in paragraph 97 of the Complaint.

98. Michaels denies the allegations in paragraph 98 of the Complaint. Beginning with the word "WHEREFORE", the allegations of paragraph 98 of the Complaint state legal conclusions requiring no response from Michaels. To the extent this section of paragraph 98 alleges facts, Michaels denies the allegations in paragraph 98 of the Complaint.

## COUNT II
## Violation of the Lanham Act (15 U.S.C. 1125(a))

99. Michaels hereby restates and incorporates by reference its responded to paragraphs 1-98 as though fully set forth herein.

100. Michaels denies the allegations in paragraph 100 of the Complaint.

101. Michaels denies the allegations in paragraph 101 of the Complaint.

102. Michaels denies the allegations in paragraph 102 of the Complaint.

103. Michaels denies the allegations in paragraph 103 of the Complaint.

104. Michaels denies the allegations in paragraph 104 of the Complaint.

105. Michaels denies the allegations in paragraph 105 of the Complaint.

106. Michaels denies the allegations in paragraph 106 of the Complaint.

107. The allegations of paragraph 107 of the Complaint state legal conclusions requiring no response from Michaels. To the extent paragraph 107 (including all the allegations beginning with the word "WHEREFORE") alleges facts, Michaels denies the allegations in paragraph 98 of the Complaint.

## COUNT III

**Violation of the Lanham Act – Trademark Counterfeiting (15 U.S.C. § 1117)**

108. Michaels hereby restates and incorporates by reference its responded to paragraphs 1-107 as though fully set forth herein.

109. Michaels denies the allegations in paragraph 109 of the Complaint.[2]

110. Michaels denies the allegations in paragraph 110 of the Complaint.

111. Michaels denies the allegations in paragraph 111 of the Complaint.

112. Michaels denies the allegations in paragraph 112 of the Complaint.

113. Michaels denies the allegations in paragraph 113 of the Complaint.

114. Michaels denies the allegations in paragraph 114 of the Complaint.

115. Michaels denies the allegations in paragraph 115 of the Complaint.

116. Michaels denies the allegations in paragraph 116 of the Complaint. Beginning with the word "WHEREFORE", the allegations of paragraph 116 of the Complaint state legal conclusions requiring no response from Michaels. To the extent this section of paragraph 116 alleges facts, Michaels denies the allegations in paragraph116 of the Complaint.

## COUNT IV
**Copyright Infringement/Injunctive Relief (17 U.S.C. § 502, et seq.)**

117. Michaels hereby restates and incorporates by reference its responded to paragraphs 1-116 as though fully set forth herein.

118. Michaels denies the allegations in paragraph 118 of the Complaint.

119. Michaels denies the allegations in paragraph 119 of the Complaint.

120. Michaels denies the allegations in paragraph 120 of the Complaint.

121. Michaels denies the allegations in paragraph 121 of the Complaint.

---

[2] Plaintiff's Second Amended Complaint re-starts numbering paragraphs in Count III with ¶ 94. This Answer responds to paragraphs with the proper chronological number.

122. Michaels denies the allegations in paragraph 122 of the Complaint.

123. Michaels denies the allegations in paragraph 123 of the Complaint.

124. Michaels denies the allegations in paragraph 124 of the Complaint. Beginning with the word "WHEREFORE", the allegations of paragraph 124 of the Complaint state legal conclusions requiring no response from Michaels. To the extent this section of paragraph 124 alleges facts, Michaels denies the allegations in paragraph 124 of the Complaint.

## COUNT V
## Copyright Infringement / Damages (17 U.S.C. § 504, et seq.)

125. Michaels hereby restates and incorporates by reference its responded to paragraphs 1-124 as though fully set forth herein.

126. Michaels denies the allegations in paragraph 126 of the Complaint.

127. Michaels denies the allegations in paragraph 127 of the Complaint.

128. Michaels denies the allegations in paragraph 128 of the Complaint.

129. Michaels denies the allegations in paragraph 129 of the Complaint. Beginning with the word "WHEREFORE", the allegations of paragraph 129 of the Complaint state legal conclusions requiring no response from Michaels. To the extent this section of paragraph 129 alleges facts, Michaels denies the allegations in paragraph 129 of the Complaint.

## FURTHER ANSWER AND AFFIRMATIVE DEFENSES

By way of further Answer and as affirmative defenses, Michaels denies that it is liable to Plaintiff on any of the claims alleged and denies that Plaintiff is entitled to damages, treble or punitive damages, equitable relief, attorneys' fees, costs, pre-judgment interest or to any relief whatsoever, and states as follows:

### First Affirmative Defense

**(Failure to State a Claim)**

130. The Complaint, on one or more counts set forth therein, fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

**(Fair Use)**

131. The claims made in the Complaint are barred, in whole or in part, by the doctrines of fair use, nominative fair use and/or descriptive use.

### Third Affirmative Defense

**(Fair Use 17 U.S.C. §107)**

132. The Complaint is barred in whole or in part on the grounds that any use or reproduction of a copyright work, if any, is a fair use of the work under Section 107 of the Copyright Act (17 U.S.C. § 107).

### Fourth Affirmative Defense

**(Abandonment)**

133. The Complaint is barred in whole or in part by Plaintiff's substantial period of non-use with no intent to resume use, and hence abandonment, of the mark as a source identifier.

### Fifth Affirmative Defense

**(Acquiescence)**

134. Plaintiff's claims are barred, in whole or in part, by the equitable doctrine of acquiescence, based on Plaintiff's conduct regarding the use of the allegedly infringing mark, which conduct was prejudicial to Michaels.

### Sixth Affirmative Defense

**(Innocent Infringement)**

135. The claims made in the Complaint are barred, in whole or in part, because any infringement, if any, was innocent.

### Seventh Affirmative Defense

### (Abandonment by Naked Licensing)

136. The Complaint is barred in whole or in part by Plaintiff's naked licensing of its mark that has caused an abandonment of any right to the mark.

### Eighth Affirmative Defense

### (Laches)

137. Plaintiff's claims are barred by laches, in that Plaintiff has unreasonably delayed efforts to enforce its rights, if any, despite its full awareness of Michaels's actions.

### Ninth Affirmative Defense

### (Generic Terms)

138. The claims made in the Complaint are barred, in whole or in part, on the basis that some or all marks at issue are generic.

### Tenth Affirmative Defense

### (Lack of Secondary Meaning)

139. The claims made in the Complaint are barred, in whole or in part, on the basis that some or all marks at issue lack secondary meaning.

### Eleventh Affirmative Defense

### (Waiver, Acquiescence, and Estoppel)

140. Each of the purported claims set forth in this Complaint is barred by the doctrines of waiver, acquiescence, and estoppel.

### Twelfth Affirmative Defense

**(Non-Infringement)**

141. Defendant has not infringed any applicable trademarks under federal or state law.

**Thirteenth Affirmative Defense**

**(No Likelihood of Confusion)**

142. The Complaint is barred in whole or in part as there is no likelihood of confusion.

**Fourteenth Affirmative Defense**

**(No Causation)**

143. Plaintiff's claims against Michaels are barred because Plaintiff's damages, if any, were not caused by Michaels.

**Fifteenth Affirmative Defense**

**(No Damage)**

144. Without admitting that the Complaint states a claim, there has been no damage in any amount, manner or at all by reason of any act alleged against Defendant in the Complaint, and the relief prayed for in the Complaint therefore cannot be granted.

**Sixteenth Affirmative Defense**

**(No Authorship)**

145. The Complaint is barred in whole or in part on the grounds that Plaintiff is not the author of the works at issue.

**Seventeenth Affirmative Defense**

**(Licensed Works)**

146. The Complaint is barred in whole or in part on the grounds that Michaels holds a license to the works at issue.

**Eighteenth Affirmative Defense**

15

**(Duplicative Claims)**

147.     Without admitting that the Complaint states a claim, any remedies are limited to the extent that there is sought an overlapping or duplicative recovery pursuant to the various claims for any alleged single wrong.

**Nineteenth Affirmative Defense**

**(Fraud)**

148.     The claims made in the Complaint are barred, in whole or in part, by fraud on the United States Patent & Trademark Office and/or Copyright Office.

**Twentieth Affirmative Defense**

**(Abandonment)**

149.     The claims made in the Complaint are barred, in whole or in part, by abandonment of any marks at issue.

**Twenty-First Affirmative Defense**

**(Third-Party Use)**

150.     The claims made in the Complaint are barred, in whole or in part, by reason of other parties' use of any marks at issue.

**Twenty-Second Affirmative Defense**

**(Actions of Others)**

151.     The claims made in the Complaint are barred, in whole or in part, because Michaels is not liable for the acts of others over whom it has no control.

**Twenty-Third Affirmative Defense**

**(No Punitive Damages)**

152. Michaels alleges that no punitive or exemplary damages should be awarded arising out of the claims made in the Complaint under the law of the United States and Pennsylvania because: (i) an award of punitive or exemplary damages would be unconstitutional under the United States and Pennsylvania Constitutions; (ii) any recovery of punitive or exemplary damages arising out of the claims made in the Complaint would constitute the imposition of a criminal fine or penalty without the substantive or procedural safeguards guaranteed by the United States Constitution and Pennsylvania Constitution; (iii) the imposition of any punitive or exemplary damages in this lawsuit would constitute an excessive fine or penalty under Pennsylvania Constitution; (iv) any such award is precluded or limited pursuant to Pennsylvania law or the United States Constitution; and (v) punitive damages would violate the United States and Pennsylvania Constitutions and common law because such an award is based from procedures that are vague, open-ended unbound in discretion, arbitrary and without sufficient constraints or protection against arbitrary and excessive awards.

**PRAYER FOR RELIEF**

WHEREFORE, Michaels prays for judgment that this Court:

i) Declare that Plaintiff takes nothing by its Complaint and enter judgment in favor of Michaels;

ii) Deny any and all relief requested by MCS;

iii) Dismiss MCS's Complaint with prejudice;

iv) Award Michaels its costs of suit incurred herein, including attorneys' fees and expenses; and

v) Grant such other relief as the Court deems just and proper.

## **JURY DEMAND**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Michaels hereby demands a trial by jury on all issues and claims so triable.

Dated: May 13, 2022

DENTONS US LLP

By: */s/ Victor C. Johnson*
Victor C. Johnson (*admitted pro hac vice*)
Texas Bar No. 24029640
2000 McKinney Avenue, Suite 1900
Dallas, TX 75201-1858
Tel: (214) 259-0900
Email: victor.johnson@dentons.com


DENTONS COHEN & GRIGSBY P.C.

By: */s/ Cezanne S. Harrer*
Cezanne S. Harrer
Pa. ID No. 324178
David F. Russey
Pa. ID No. 84184
625 Liberty Avenue
Pittsburgh, PA 15222-3152
Tel: (412) 297-4900:
Fax: (412) 209-1975
Email: cezanne.harrer@dentons.com
　　　　 david.russey@dentons.com

*Attorneys for Defendants, Michael's Stores, Inc., The Michaels Companies, Inc., and Michaels Stores Procurement Company, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and complete copy of the foregoing Answer with Additional Defenses was electronically transmitted the foregoing document using the Court's CM/ECF System for filing, which will transmit the document electronically to all registered participants as identified on the Notice of Electronic Filing.

Dated: May 13, 2022                    By: */s/ Victor C. Johnson*