IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **MCS INDUSTRIES, INC.** | : | |
| *Plaintiff* | : | **CIVIL ACTION** |
| | : | |
| v. | : | Case No. 1:22-cv-04216 |
| | : | |
| **MICHAELS STORES, INC.; THE MICHAELS COMPANIES, INC.; MICHAELS STORES PROCUREMENT COMPANY, INC.** and **HARBORTOWN INDUSTRIES, INC.** | : | **JURY TRIAL DEMANDED** |
| *Defendants* | : | |

JOINT INITIAL STATUS REPORT

1. The Nature of the Case:

    A. Identify (names and contact information) for all attorneys of record for each party, including the lead trial attorney.

    **ANSWER:**

    For MCS Industries, Inc.: Gavin P. Lentz (lead attorney), Bochetto & Lentz P.C., glentz@bochettoandlentz.com, 215-735-3900; Kean Maynard, Bochetto & Lentz P.C., kmaynard@bochettoandlentz.com, 215-735-3900; Michael S. Elvin, Barack Ferrazzano Kirschbaum & Nagelberg LLP, 200 . West Madison St. Suite, 3900 , Chicago, IL 60606. (312)-984-3109

    For Defendant Harbortown Industries, Inc. ("Harbortown"):

    John M. Riccione (lead attorney) (IL Bar No. 6209375)
    Brianna Skelly (IL Bar No. 6298677)
    Marcus S. Harris (IL Bar No. 6269909)
    Jaimin H. Shah (IL Bar No. 6322814)
    Taft Stettinius & Hollister LLP
    111 East Wacker, Suite 2800
    Chicago, Illinois 60601
    Telephone: 312-527-4000
    Facsimile: 312-527-4011
    Email: jriccione@taftlaw.com
    bskelly@taftlaw.com
    mharris@taftlaw.com
    jshah@taftlaw.com

    B. Briefly describe the nature of the claims asserted in the complaint and any counterclaims and/or third party claims. **ANSWER:** Trademark and copyright infringement. The Defendant manufactured picture frames and included in those frames instructions containing Plaintiff's Format trademark and copyrighted instructions. Harbortown denies any wrongdoing.

    C. Briefly identify the major legal and factual issues in the case. **ANSWER:** There is dispute between Harbortown Industries, Inc. ("Harbortown") and other defendants (the "Michaels Defendants") as to who is responsible for the infringement. Harbortown manufactured the frames as the Request of the Michaels Defendants. Harbortown denies any wrongdoing.

    D. State the relief sought by any of the parties. **ANSWER:** Damages and injunctive relief. Harbortown denies any wrongdoing and reserves the right to seek attorneys' fees, costs, and such other relief as the Court deems just.

2. Jurisdiction: Explain why the Court has subject matter jurisdiction over the plaintiff(s)' claim(s).

Identify all federal statutes on which federal question jurisdiction is based. **ANSWER:** This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) as this is a civil action relating to trademarks and copyrights

    A. If jurisdiction over any claims is based on diversity or supplemental jurisdiction:

        (1) State whether/why the amount in controversy exceeds the jurisdictional threshold or whether there is a dispute regarding the amount in controversy (and, if so, the basis of that dispute). **N/A**

        (2) Identify the state of citizenship of each named party. For unincorporated associations, LLCs, partnerships, and other business entities that are not corporations, the state(s) in which any individual members of the business unit are citizens must be identified. **N/A**

        **NOTE 1:** Individuals are citizens of the state where they are domiciled; that may or may not be the state where they currently reside. *See Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012).

        **NOTE 2:** The report must address whether there is diversity in any case in which pendent jurisdiction over state law claims is asserted, so that the Court may exercise informed discretion about whether to resolve such claims in the event that the federal question claims are resolved or dismissed.

3. Status of Service: Identify any defendants that have not been served. **ANSWER:** None known.

4. Consent to Proceed Before a United States Magistrate Judge: Confirm that counsel have advised the parties that they may proceed before a Magistrate Judge if they consent unanimously and advise whether there is, or is not, unanimous consent. Do <u>NOT</u> report whether individual parties have so consented. **ANSWER:** The parties do not consent to a magistrate.

5. Motions:

    A. Briefly describe any pending motions. **ANSWER:** None

    B. State whether the defendant(s) anticipate responding to the complaint by filing an Answer or by means of motion. Harbortown anticipates filing an Answer in response to the Complaint.

        **NOTE 3:** If the latter, counsel should be prepared to discuss at the Initial Status Hearing the basis of the anticipated motion.

6. Case Plan:

    A. **For Cases in the Mandatory Initial Discovery Pilot ("MIDP"):** Provide a description of the parties' discussion of the mandatory discovery responses required by the MIDP. The report should describe the resolution of any limitations invoked by any party in its response, as well as any unresolved limitations or other discovery issues. The parties shall attach the initial and supplemental responses involved in any unresolved limitations or discovery issues. During the Rule 26(f) conference, the parties should discuss the mandatory initial discovery responses and seek to resolve any limitations they have made or intend to make.

    B. Submit a proposal for a discovery plan, including the following information:

        (1) The general type of discovery needed; **ANSWER:** Documents and depositions

        (2) **For Cases Exempt from the MIDP:** A date for Rule 26(a)(1) disclosures; **ANSWER:** October 6, 2022.

        (3) First date by which to issue written discovery; **ANSWER:** October 6, 2022.

        (4) A fact discovery completion date; **ANSWER:** February 6, 2023.

        (5) An expert discovery completion date, including dates for the delivery of expert reports; **ANSWER:** April 6, 2023.

        (6) **For Cases in the MIDP:** A date for final supplementation of the mandatory initial discovery responses; and **N/A**

        (7) A date for the filing of dispositive motions. **ANSWER:** April 6, 2023.

    C. With respect to trial, indicate the following:

      (1) Whether a jury trial is requested **ANSWER:** Yes; and

      (2) The probable length of trial **ANSWER:** 7 days.

7.    Status of Settlement Discussions:

      A.   Indicate whether any settlement discussions have occurred; **ANSWER:** No.

      B.   Describe the status of any settlement discussions **N/A**; and

      C.   Whether the parties request a settlement conference. **ANSWER:** Yes, after paper discovery has been exchanged.

      **NOTE 4:** Do <u>NOT</u> provide the particulars of any demands/offers that have been made.