**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MCS INDUSTRIES, INC., | : | |
| | : | |
| *Plaintiff,* | : | |
| | : | Case No. 1:22-cv-04216 |
| v. | : | HONORABLE SARA L. ELLIS |
| | : | |
| HARBORTOWN INDUSTRIES, INC., | : | |
| | : | |
| *Defendant.* | : | |
| | : | |

**DEFENDANT HARBORTOWN INDUSTRIES, INC.'S ANSWER**
**TO PLAINTIFF'S SECOND AMENDED COMPLAINT**

Defendant Harbortown Industries, Inc. ("Harbortown") by their undersigned attorneys, for their answer to the Second Amended Complaint (D.I. 45 "Complaint") by Plaintiff MCS Industries Inc., ("Plaintiff" or "MCS"), and pursuant to the agreement reached on an answer in the Joint Status Report (D.I. 97), states as follows. Pursuant to Fed. R. Civ. P. 8(b)(3), Harbortown denies all allegations in Plaintiff's Complaint except those expressly admitted below.

**NATURE OF THE ACTION**

1.      Harbortown lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 1 and, therefore, Harbortown denies them.

2.      Harbortown lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 2 and, therefore, Harbortown denies them.

3.      Harbortown lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 and, therefore, Harbortown denies them.

4.      Harbortown lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 and, therefore, Harbortown denies them.

5.      Harbortown lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 5 and, therefore, Harbortown denies them.

6.      Harbortown lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 6 and therefore, Harbortown denies them.

7.      Harbortown denies the allegations in Paragraph 7 of the Complaint.

8.      Harbortown denies the allegations in Paragraph 8 of the Complaint.

9.      Harbortown denies the allegations in Paragraph 9 of the Complaint.

10.      As to the allegations against Harbortown, Harbortown denies the allegations in Paragraph 10 of the Complaint. Harbortown lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 10 of the Complaint, and therefore, denies them.

11.      Harbortown denies the allegations in Paragraph 11 of the Complaint.

12.      Harbortown denies the allegations in Paragraph 12 of the Complaint.

13.      As to the allegations against Harbortown, Harbortown denies the allegations in Paragraph 13 of the Complaint. Harbortown lacks information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 13 of the Complaint, and therefore denies them.

14.      Harbortown denies the allegations in Paragraph 14 of the Complaint.

15.      Harbortown denies the allegations in Paragraph 15 of the Complaint.

16.      Harbortown denies the allegations in Paragraph 16 of the Complaint.

## PARTIES[1]

_____

[1] Plaintiff's Second Amended Complaint (ECF Doc. 45) duplicates the use of Paragraph numbers 14-16: Section I includes ¶¶1-16, and Section II begins with ¶14 rather than ¶17. Harbortown's Answer reflects and corresponds to Paragraphs as numbered in the Complaint for consistency and ease of reference to the Complaint.

14. Harbortown lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 14 of the Complaint and therefore, Harbortown denies them.

15. Harbortown lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 15 of the Complaint and therefore, Harbortown denies them.

16. Harbortown lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 16 of the Complaint and therefore, Harbortown denies them.

17. Harbortown lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 17 of the Complaint and therefore, Harbortown denies them.

18. Harbortown lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 18 of the Complaint and therefore, Harbortown denies them.

19. Harbortown lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 19 of the Complaint and therefore, Harbortown denies them.

20. Admitted.

21. Harbortown denies the allegations in Paragraph 21 of the Complaint.

## JURISDICTION AND VENUE

22. The allegation in Paragraph 22 of the Complaint are legal conclusions and require no response from Harbortown. To the extent an answer may be required, Harbortown admits that the Complaint purports to assert an action under Trademark and Copyright laws of the United States. Harbortown denies the remaining allegations in Paragraph 22 of the Complaint.

23. The allegation in Paragraph 23 of the Complaint are legal conclusions and require no response from Harbortown. To the extent an answer may be required, Harbortown does not contest subject matter jurisdiction only over Plaintiffs' claims under the Trademark and Copyright laws of the United States against Harbortown. Harbortown denies that this Court has subject

matter jurisdiction over any other claims. Harbortown denies the remaining allegations contained in Paragraph 23 of the Complaint.

24.    The allegations in Paragraph 24 of the Complaint are legal conclusions requiring no response from Harbortown. To the extent answer may be required:

a.    Harbortown lacks knowledge or information sufficient to form a belief about the truth of the allegations in Sub Paragraph a and therefore, Harbortown denies them.

b.    Harbortown lacks knowledge or information sufficient to form a belief about the truth of the allegations in Sub Paragraph b and therefore, Harbortown denies them..

c.    The allegations in Sub Paragraph c are legal conclusions requiring no response from Harbortown.  To the extent an answer may be required, solely to conserve the resources of the parties and the Court, Harbortown does not contest personal jurisdiction in this Judicial District for the limited purpose of Plaintiff's claims under the Trademark and Copyright laws of the United States against Harbortown only.  Harbortown denies all remaining allegations of sub Paragraph c.

Harbortown denies all remaining allegations of Paragraph 24.

25.    Harbortown lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 25 of the Complaint and therefore, Harbortown denies them.

26.    The allegations in Paragraph 26 are legal conclusions requiring no response from Harbortown.  To the extent an answer may be required, solely to conserve the resources of the parties and the Court, Harbortown does not contest personal jurisdiction in this Judicial District for the limited purpose Plaintiff's claims under the Trademark and Copyright laws of the United States against Harbortown only.  Harbortown denies all remaining allegations of Paragraph 26.

<u>**FACTS COMMON TO ALL COUNTS**</u>

27.     Harbortown lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 27 of the Complaint, and therefore, denies them.

28.     Harbortown lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 28 of the Complaint, and therefore, denies them.

29.     Harbortown states that U.S. Trademark Registration No. 2814896 for the mark FORMAT for "picture frames" speaks for itself, and identifies MCS as the registrant. Harbortown lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 29, and therefore, Harbortown denies them.

30.     Harbortown denies the allegations in Paragraph 30 of the Complaint.

31.     Harbortown lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 31 of the Complaint, and therefore, Harbortown denies them.

32.     Harbortown lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 32 of the Complaint, and therefore, Harbortown denies them.

33.     Harbortown states that U.S. Copyright Registration No. TX 8-958-646, including the text and 2D artwork for the "Easel Twist Format Instructions" speaks for itself, and identifies MCS as the registrant. Harbortown lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 33, and therefore, Harbortown denies them.

34.     Harbortown states that U.S. Copyright Registration No. TX 8-955-6192, including the text and 2D artwork for the "Ramp Easel Format Instructions" speaks for itself, and identifies MCS as the registrant. Harbortown lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 34, and therefore, Harbortown denies them.

35.     Harbortown lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 35 of the Complaint, and therefore, Harbortown denies them.

36.     Harbortown lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 36 of the Complaint, and therefore, Harbortown denies them.

37.     Harbortown lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 37 of the Complaint, and therefore, Harbortown denies them.

38.     Harbortown lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 38 of the Complaint, and therefore, Harbortown denies them.

39.     Harbortown lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 39 of the Complaint, and therefore, Harbortown denies them.

40.     Harbortown lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 40 of the Complaint, and therefore, Harbortown denies them.

41.     Harbortown lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 41 of the Complaint, and therefore, Harbortown denies them.

42.     Harbortown lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 42 of the Complaint, and therefore, Harbortown denies them.

43.     Harbortown lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 43 of the Complaint, and therefore, Harbortown denies them.

**Michaels Engaged In Prior [Alleged] Trademark Infringement**

44.     Harbortown lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 44 of the Complaint, and therefore, Harbortown denies them.

45.     Harbortown lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 45 of the Complaint, and therefore, Harbortown denies them.

46.     Harbortown lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 46 of the Complaint, and therefore, Harbortown denies them.

47.     Harbortown states that U.S. Trademark Registration No. 3718446 for the mark TRENDSETTER for "Picture frames" speaks for itself, and identifies MCS as the registrant. Harbortown lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 47 of the Complaint and therefore, Harbortown denies them.

48.     Harbortown lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 48 of the Complaint, and therefore, Harbortown denies them.

49.     Harbortown lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 49 of the Complaint, and therefore, Harbortown denies them.

50.     Harbortown lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 50 of the Complaint, and therefore, Harbortown denies them.

51.     Harbortown lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 51 of the Complaint, and therefore, Harbortown denies them.

52.     Harbortown lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 52 of the Complaint, and on that basis denies them

53.     Harbortown lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 53 of the Complaint, and therefore, Harbortown denies them.

54.     Harbortown lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 54 of the Complaint, and therefore, Harbortown denies them.

**Michaels Proceeds to [Allegedly] Violate MCS's Intellectual Property in its FORMAT Trademark and Copyrighted Instructions**

55.     Harbortown lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 55 of the Complaint, and therefore, Harbortown denies them.

56.     Harbortown denies the allegations in Paragraph 56 of the Complaint.

57.     Harbortown lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 57 of the Complaint, and therefore, Harbortown denies them.

58.     Harbortown lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 58 of the Complaint, and therefore, Harbortown denies them.

59.     Harbortown denies the allegations in Paragraph 59 of the Complaint.

60.     Harbortown denies the allegations in Paragraph 60 of the Complaint.

61.     Harbortown lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 61 of the Complaint, and therefore, Harbortown denies them.

62.     Harbortown lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 62 of the Complaint, and therefore, Harbortown denies them.

63.     Harbortown lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 63 of the Complaint, and therefore, Harbortown denies them.

64.     Harbortown lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 64 of the Complaint, and therefore, Harbortown denies them.

65.     Harbortown denies the allegations in Paragraph 65 of the Complaint.

66.     Harbortown denies the allegations in Paragraph 66 of the Complaint.

67.     Harbortown denies the allegations in Paragraph 67 of the Complaint.

68.     Harbortown denies the allegations in Paragraph 68 of the Complaint regarding Harbortown.  Harbortown lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 68 of the Complaint, and therefore, Harbortown denies them.

69. Harbortown lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 69 of the Complaint, and therefore, Harbortown denies them.

70. Harbortown lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 70 of the Complaint, and therefore, Harbortown denies them.

71. Harbortown lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 71 of the Complaint, and therefore, Harbortown denies them.

72. Harbortown lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 72 of the Complaint, and therefore, Harbortown denies them.

73. Harbortown lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 73 of the Complaint, and therefore, Harbortown denies them.

### Discovery of Harbortown's [Alleged] Involvement

74. Harbortown denies the allegations in Paragraph 74 of the Complaint.

75. Harbortown lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 75 of the Complaint, and therefore, Harbortown denies them.

76. Harbortown denies the allegations in Paragraph 76 of the Complaint.

77. Harbortown denies the allegations in Paragraph 77 of the Complaint.

78. Harbortown denies the allegations in Paragraph 78 of the Complaint.

### [Alleged] DAMAGES AND REQUEST FOR PERMANENT INJUNCTION

79. The allegations in Paragraph 79 of the Complaint are legal conclusions requiring no response from Harbortown. To the extent Paragraph 79 alleges facts, Harbortown denies them.

80. The allegations in Paragraph 80 of the Complaint are legal conclusions requiring no response from Harbortown. To the extent Paragraph 80 alleges facts, Harbortown denies them. Harbortown further denies that MCS is entitled to relief sought.

81. The allegations in Paragraph 81 of the Complaint are legal conclusions requiring no response from Harbortown. To the extent Paragraph 81 alleges facts, Harbortown denies them. Harbortown further denies that MCS is entitled to relief sought.

82. Harbortown lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 82 of the Complaint, and therefore, Harbortown denies them.

83. Harbortown lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 83 of the Complaint, and therefore, Harbortown denies them.

84. The allegations in Paragraph 84 of the Complaint are legal conclusions requiring no response from Harbortown. To the extent Paragraph 84 alleges facts, Harbortown denies them.

85. The allegations in Paragraph 85 of the Complaint are legal conclusions requiring no response from Harbortown. To the extent Paragraph 85 alleges facts about Harbortown, it denies them. Harbortown lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 85 of the Complaint, and therefore, Harbortown denies them.

86. The allegations in Paragraph 86 of the Complaint are legal conclusions requiring no response from Harbortown. To the extent Paragraph 86 alleges facts, Harbortown denies them.

87. The allegations in Paragraph 87 of the Complaint are legal conclusions requiring no response from Harbortown. To the extent Paragraph 87 alleges facts, Harbortown denies them.

88.     The allegations in Paragraph 88 of the Complaint are legal conclusions requiring no response from Harbortown. To the extent Paragraph 88 alleges facts, Harbortown denies them. Harbortown further denies that MCS is entitled to relief sought.

89.     The allegations in Paragraph 89 of the Complaint are legal conclusions requiring no response from Harbortown. To the extent Paragraph 89 alleges facts, Harbortown denies them.

90.     The allegations in Paragraph 90 of the Complaint are legal conclusions requiring no response from Harbortown. To the extent Paragraph 90 alleges facts, Harbortown denies them.

91.     The allegations of Paragraph 91 of the Complaint are legal conclusions requiring no response from Harbortown. To the extent Paragraph 91 alleges facts, Harbortown denies them. Harbortown further denies that MCS is entitled to relief sought.

## <u>COUNT I</u>
### [Alleged] Trademark Infringement/Injunctive Relief

92.     Harbortown hereby restates and incorporates by reference its responses to Paragraphs 1-91 as though fully set forth herein.

93.     The allegations of Paragraph 93 of the Complaint are legal conclusions requiring no response from Harbortown. To the extent an answer may be required, Harbortown admits that the Complaint purports to assert an action under Trademark laws of the United States. Harbortown denies the remaining allegations in Paragraph 93 of the Complaint.

94.     The allegations of Paragraph 94 of the Complaint are legal conclusions requiring no response from Harbortown. Harbortown admits the Complaint purports to be an action under the trademark laws of the United States. To the extent Plaintiff's copyrights are invalid and/or unenforceable. 94 of the Complaint alleges facts, Harbortown denies them.

95.     Harbortown denies the allegations in Paragraph 95 of the Complaint. Beginning with the word "WHEREFORE," the allegations of Paragraph 95 of the Complaint state legal

conclusions requiring no response from Harbortown. To the extent this section of Paragraph 95 alleges facts, Harbortown denies them. Harbortown further denies that MCS is entitled to relief sought.

## COUNT II
### [Alleged] Violation of the Lanham Act (15 U.S.C. 1125(a))

96.     Harbortown hereby restates and incorporates by reference its responses to Paragraphs 1-95 as though fully set forth herein.

97.     Harbortown denies the allegations in Paragraph 97 of the Complaint.

98.     Harbortown denies the allegations in Paragraph 98 of the Complaint.

99.     Harbortown denies the allegations in Paragraph 99 of the Complaint.

100.    Harbortown denies the allegations in Paragraph 100 of the Complaint.

101.    Harbortown denies the allegations in Paragraph 101 of the Complaint.

102.    Harbortown denies the allegations in Paragraph 102 of the Complaint.[2]

103.    Harbortown denies the allegations in Paragraph 103 of the Complaint.

104.    The allegations of Paragraph 104 of the Complaint state legal conclusions requiring no response from Harbortown. To the extent Paragraph 104 (including all the allegations beginning with the word "WHEREFORE") alleges facts, Harbortown denies the allegations in Paragraph 104 of the Complaint. Harbortown further denies that MCS is entitled to relief sought.

## COUNT III[3]
### [Alleged] Violation of the Lanham Act – Trademark Counterfeiting (15 U.S.C. § 1117)

---

[2] Fn 1 of the Complaint purportedly states the statute 15 U.S.C. § 1125, which speaks for itself. Harbortown denies all remaining allegations of fn1.

[3] Plaintiff's Second Amended Complaint (ECF Doc. 45) duplicates Paragraph numbers once more, in addition to Paragraph numbers 14-16, as noted in fn1: Paragraph numbers 94-104 of Counts I and II are used again in Count III, which begins with ¶94 rather than ¶105. Again, Harbortown's Answer reflects and corresponds to Paragraphs as numbered in the Complaint, for consistency and ease of reference to the Complaint.

94.     Harbortown hereby restates and incorporates by reference its responses to Paragraphs 1-104 as though fully set forth herein.

95.     Harbortown denies the allegations in Paragraph 95 of the Complaint.

96.     Harbortown lacks knowledge or information sufficient to form a belief about the truth of the allegations in (the instant) Paragraph 96 of the Complaint, and therefore, Harbortown denies them.

97.     Harbortown denies the allegations in Paragraph 97 of the Complaint.

98.     Harbortown denies the allegations in Paragraph 98 of the Complaint.

99.     Harbortown denies the allegations in Paragraph 99 of the Complaint.

100.    Harbortown denies the allegations in Paragraph 100 of the Complaint.

101.    Harbortown denies the allegations in Paragraph 101 of the Complaint.

102.    The allegations of Paragraph 102 of the Complaint (including all the allegations beginning with the word "WHEREFORE") state legal conclusions requiring no response from Harbortown.  To the extent Paragraph 102 (including all the allegations beginning with the word "WHEREFORE") alleges facts, Harbortown denies the allegations in Paragraph 102 of the Complaint.  Harbortown further denies that MCS is entitled to relief sought.

## COUNT IV
### [Alleged] Copyright Infringement/Injunctive Relief (17 U.S.C. § 502, et seq.)

103.    Harbortown hereby restates and incorporates by reference its responses to Paragraphs 1-102 as though fully set forth herein.

104.    Harbortown denies the allegations in Paragraph 104 of the Complaint.

105.    Harbortown denies the allegations in Paragraph 105 of the Complaint.

106.     Harbortown denies the allegations in Paragraph 106 of the Complaint. Harbortown further denies that MCS is entitled to relief sought.

107.     Harbortown denies the allegations in Paragraph 107 of the Complaint. Harbortown further denies that MCS is entitled to relief sought.

108.     Harbortown denies the allegations in Paragraph 108 of the Complaint.

109.     The allegations of Paragraph 109 of the Complaint state legal conclusions requiring no response from Harbortown.  To the extent Paragraph 109 alleges facts, Harbortown denies the allegations in Paragraph 109 of the Complaint.

110.     The allegations of Paragraph 110 of the Complaint (including all the allegations beginning with the word "WHEREFORE") state legal conclusions requiring no response from Harbortown.  To the extent Paragraph 110 (including all the allegations beginning with the word "WHEREFORE") alleges facts, Harbortown denies the allegations in Paragraph 110 of the Complaint.  Harbortown further denies that MCS is entitled to relief sought.

## COUNT V
### [Alleged] Copyright Infringement / Damages (17 U.S.C. § 504, et seq.)

111.     Harbortown hereby restates and incorporates by reference its responses to Paragraphs 1-110 as though fully set forth herein.

112.     Harbortown denies the allegations in Paragraph 112 of the Complaint.

113.     Harbortown denies the allegations in Paragraph 113 of the Complaint.

114.     Harbortown denies the allegations in Paragraph 114 of the Complaint.

115.     The allegations of Paragraph 115 of the Complaint (including all the allegations beginning with the word "WHEREFORE") state legal conclusions requiring no response from Harbortown.  To the extent Paragraph 115 (including all the allegations beginning with the word

"WHEREFORE") alleges facts, Harbortown denies the allegations in Paragraph 115 of the Complaint. Harbortown further denies that MCS is entitled to relief sought.

116.     Harbortown denies that MCS is entitled to any of the relief requested in their Prayer for Relief or otherwise.

Harbortown denies that Plaintiffs are entitled to any of the relief requested in their Prayer for Relief or otherwise.

## FURTHER ANSWER AND AFFIRMATIVE DEFENSES

By way of further Answer and as affirmative defenses, Harbortown denies that it is liable to Plaintiff on any of the claims alleged and denies that Plaintiff is entitled to damages, treble or punitive damages, equitable relief, attorneys' fees, costs, pre-judgment interest or to any relief whatsoever, and states as follows:

### First Affirmative Defense
### (Failure to State a Claim)

The Complaint, on one or more counts set forth therein, fails to state a claim upon which relief can be granted.

### Second Affirmative Defense
### (Fair Use)

The claims made in the Complaint are barred, in whole or in part, by the doctrines of fair use, nominative fair use and/or descriptive use.

### Third Affirmative Defense
### (Fair Use 17 U.S.C. §107)

The Complaint is barred in whole or in part on the grounds that any use or reproduction of a copyright work, if any, is a fair use of the work under Section 107 of the Copyright Act (17 U.S.C. § 107).

### Fourth Affirmative Defense
### (Abandonment)

117. The Complaint is barred in whole or in part by Plaintiff's substantial period of non-use with no intent to resume use, and hence abandonment, of the mark as a source identifier.

### Fifth Affirmative Defense
### (Acquiescence)

Plaintiff's claims are barred, in whole or in part, by the equitable doctrine of acquiescence, based on Plaintiff's conduct regarding the use of the allegedly infringing mark and/or copyright, which conduct was prejudicial to Harbortown.

### Sixth Affirmative Defense
### (Innocent Infringement)

The claims made in the Complaint are barred, in whole or in part, because the alleged infringement, if any, was innocent.

### Seventh Affirmative Defense
### (Abandonment by Naked Licensing)

The Complaint is barred in whole or in part by Plaintiff's naked licensing of its mark that has caused an abandonment of any right to the mark.

### Eighth Affirmative Defense
### (Laches)

Plaintiff's claims are barred by laches, in that Plaintiff has unreasonably delayed efforts to enforce its rights, if any, despite its full awareness of Michael's actions and alleged previous infringement. Plaintiff's unreasonable delay in efforts to enforce its rights is prejudicial to Harbortown.

### Ninth Affirmative Defense

**(Generic Terms)**

The claims made in the Complaint are barred, in whole or in part, on the basis that some or all marks at issue are generic.

**Tenth Affirmative Defense**
**(Lack of Secondary Meaning)**

The claims made in the Complaint are barred, in whole or in part, on the basis that some or all marks at issue lack secondary meaning.

**Eleventh Affirmative Defense**
**(Waiver, Acquiescence, and Estoppel)**

Each of the purported claims set forth in this Complaint is barred by the doctrines of waiver, acquiescence, and estoppel.

**Twelfth Affirmative Defense**
**(Non-Infringement)**

Defendant Harbortown has not infringed any applicable trademarks under federal or state law.

**Thirteenth Affirmative Defense**
**(No Likelihood of Confusion)**

The Complaint is barred in whole or in part as there is no likelihood of confusion.

**Fourteenth Affirmative Defense**
**(No Causation)**

Plaintiff's claims against Harbortown are barred because Plaintiff's damages, if any, were not caused by Harbortown.

**Fifteenth Affirmative Defense**
**(No Damage)**

Without admitting that the Complaint states a claim, there has been no damage in any amount, manner or at all by reason of any act alleged against Defendant in the Complaint, and the relief prayed for in the Complaint therefore cannot be granted.

### Sixteenth Affirmative Defense
**(No Authorship)**

The Complaint is barred in whole or in part on the grounds that Plaintiff is not the author of the works at issue.

### Seventeenth Affirmative Defense
**(Licensed Works)**

The Complaint is barred in whole or in part on the grounds that Plaintiff has granted Michaels a license to the works at issue.

### Eighteenth Affirmative Defense
**(Duplicative Claims)**

Without admitting that the Complaint states a claim, any remedies are limited to the extent that there is sought an overlapping or duplicative recovery pursuant to the various claims for any alleged single wrong.

### Nineteenth Affirmative Defense
**(Fraud)**

The claims made in the Complaint are barred, in whole or in part, by fraud on the United States Patent & Trademark Office and/or Copyright Office.

### Twentieth Affirmative Defense
**(Abandonment)**

The claims made in the Complaint are barred, in whole or in part, by abandonment of any marks at issue.

### Twenty-First Affirmative Defense
### (Third-Party Use)

The claims made in the Complaint are barred, in whole or in part, by reason of other parties' use of any marks at issue.

### Twenty-Second Affirmative Defense
### (Actions of Others)

The claims made in the Complaint are barred, in whole or in part, because Harbortown is not liable for the acts of others over whom it has no control. Harbortown was not the proximate or legal cause of Plaintiffs' injury, if any.

### Twenty-Third Affirmative Defense
### (Failure to Mitigate Damages)

Plaintiff failed to take reasonable steps to mitigate its damages, if any.

### Twenty-Fourth Affirmative Defense
### (No Punitive Damages)

Harbortown alleges that no punitive or exemplary damages should be awarded arising out of the claims made in the Complaint under applicable federal and state laws because: (i) an award of punitive or exemplary damages would be unconstitutional; (ii) any recovery of punitive or exemplary damages arising out of the claims made in the Complaint would constitute the imposition of a criminal fine or penalty without the substantive or procedural safeguards so guaranteed under applicable state and federal laws; (iii) the imposition of any punitive or exemplary damages in this lawsuit would constitute an excessive fine or penalty under applicable state and federal laws; (iv) any such award is precluded or limited pursuant to applicable state and federal laws; and (v) punitive damages would violate the applicable state and federal laws and common law because such an award is based from procedures that are vague, open-ended unbound

in discretion, arbitrary and without sufficient constraints or protection against arbitrary and excessive awards.

### Twenty-Fifth Affirmative Defense
### (Statute of Limitation)

Plaintiff's claims are barred by the applicable statute of limitations.

### Twenty-sixth Affirmative Defense
### (invalidity)

Plaintiff's copyrights and trademark are invalid and/or unenforceable.

### PRAYER FOR RELIEF

WHEREFORE, Harbortown prays for judgment that this Court:

    a.   Declare that Plaintiff takes nothing by its Complaint and enter judgment in favor of Harbortown;

    b.   Deny any and all relief requested by MCS;

    c.   Dismiss MCS's Complaint with prejudice;

    d.   Award Harbortown its costs of suit incurred herein, including attorneys' fees and expenses; and

    e.   Grant such other relief as the Court deems just and proper.

### JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Harbortown hereby demands a trial by jury on all issues and claims so triable.


Dated: October 12, 2022          Respectfully submitted,


                    */s/ Marcus S. Harris*
                    John M. Riccione (lead attorney) (IL Bar No. 6209375)
                    Brianna Skelly (IL Bar No. 6298677)
                    Marcus S. Harris (IL Bar No. 6269909)

Jaimin H. Shah (IL Bar No. 6322814)
TAFT STETTINIUS & HOLLISTER LLP
111 East Wacker, Suite 2800
Chicago, IL 60601
T: (312) 527-4000
F: (312) 527-4011
jriccione@taftlaw.com
bskelly@taftlaw.com
mharris@taftlaw.com
jshah@taftlaw.com

***Attorneys for Harbortown Industries, Inc.***

## CERTIFICATE OF SERVICE

I hereby certify that on October 12, 2022, I caused a true and correct copy of **DEFENDANT HARBORTOWN INDUSTRIES, INC.'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT** to be served via email on Plaintiff's counsel of Record:

Gavin P. Lentz (lead attorney),
Kean Maynard
Bochetto & Lentz P.C.
T: 215-735-3900
glentz@bochettoandlentz.com,
kmaynard@bochettoandlentz.com,

Michael S. Elvin
Barack Ferrazzano Kirschbaum & Nagelberg LLP,
200 West Madison St. Suite, 3900,
Chicago, IL 60606
T: (312)-984-3109
michael.elvin@bfkn.com

/s/ Marcus S. Harris
Marcus S. Harris